# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Stacy Clark** | Case No.: 5:25-cv-106 |
| *Plaintiff*, | |
| | Judge: _____ |
| v. | |
| **Kandy Fatheree**, in her official capacity as Summit County Sheriff, and in her individual and personal capacity, | **COMPLAINT** |
| | **JURY DEMAND ENDORSED HEREON** |
| and | |
| **Summit County, Ohio,** | |
| *Defendants*. | |

## PRELIMINARY STATEMENT

1. This is a civil action by Stacy Clark, a former employee of Summit County, Ohio, setting forth claims against the County and its elected Sheriff, Kandy Fatheree, for violating her rights under the First Amendment to the United States Constitution and related state law.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of civil rights under the First Amendment to the United States Constitution.

3. The case presents a federal question within this Court's jurisdiction under Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this Court under 28 U.S.C. § 1391 as the events and omissions alleged took place in Summit County, Ohio, and the Defendants reside in this judicial district.

5. Pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims as they substantially and directly relate to the matters over which the Court has original jurisdiction.

## PARTIES

### A. Plaintiff

6. Plaintiff Stacy Clark ("Clark" or "Plaintiff"), at all relevant times herein, has been and continues to be a resident of Summit County, Ohio.

7. Plaintiff was previously employed by Defendants, most recently as a Special Deputy for the Sheriff's Office.

### B. Defendants

8. Defendant Sheriff Kandy Fatheree ("Sheriff Fatheree") is and has been the elected Sheriff of Summit County, Ohio, at all times relevant to this case.

9. Sheriff Fatheree is named as a defendant individually and in her official capacity as the Summit County Sheriff.

10. At all times relevant herein, Sheriff Fatheree acted under color of law and was a policymaker for Summit County and its Sheriff's Office.

11. Sheriff Fatheree is a "public servant" as defined in Ohio Rev. Code § 2921.01.

12. Defendant Summit County is a political subdivision of the State of Ohio.

## STATEMENT OF FACTS

13. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

14. Clark, an Air Force veteran, has had a lengthy career as a law enforcement officer.

15. Clark initially worked for Summit County as a Sheriff's Deputy from December of 1994 until she retired in good standing on November 30, 2021.

16. When she retired, Clark had been most recently assigned to work as a Detective.

17. Immediately upon Clark's retiring, Sheriff Fatheree retained Clark to continue working for Summit County as a Special Deputy.

18. In her role as a Special Deputy, Clark worked various assignments, including security detail at Blossom Music Center and as a School Resource Officer in the Twinsburg City School District.

19. Clark served competently as a Special Deputy and received no discipline.

20. In 2024, Sheriff Fatheree ran as a Democrat for re-election.

21. In the November 2024 general election, Sheriff Fatheree's opponent in the race for Summit County Sheriff was Republican Shane Barker ("Barker").

22. Clark supported Barker's candidacy during the general election.

23. During the evening of November 5, 2024 (Election Day), Barker's campaign hosted an election night party at Wing Warehouse in Cuyahoga Falls to watch the results come in.

24. Clark attended the Barker campaign's election night party.

25. Sheriff Fatheree won re-election over Barker.

26. Sheriff Fatheree learned that Clark supported Barker and attended the Barker campaign's election night party.

27. Shortly thereafter, on November 18, 2024, Sheriff Fatheree terminated Clark's employment.

28. Chief Deputy Scott Cottle ("Chief Cottle"), who worked for Sheriff Fatheree as part of the Sheriff's leadership team, delivered the news to Clark that her employment was terminated.

29. Chief Cottle informed Clark that the reason Sheriff Fatheree terminated her employment was because Clark had supported Barker, Sheriff Fatheree's opponent in the election.

30. Specifically, Chief Cottle told Clark that "it's all about loyalty" and "you…supported the other side."

31. Thereafter, Sheriff Fatheree and Summit County reported to the Ohio Attorney General's Ohio Peace Officer Training Academy ("OPOTA"), a public database, that the reason for Clark's separation was "Termination."

32. A law enforcement officer having a "Termination" separation code in the OPOTA database is a negative stigma which can hinder the officer's ability to find new employment in law enforcement.

33. Clark is actively searching for new law enforcement employment, but has yet to obtain such new employment.

34. Even if Clark ultimately obtains new law enforcement employment, she believes that the hours and/or pay she would receive would be inferior to what she received as a Special Deputy for Summit County, as a direct and proximate result of her termination from Summit County and the "Termination" designation in the OPOTA database.

## CAUSES OF ACTION

### COUNT I
**Retaliation for Exercising Rights under the First Amendment**
**(42 U.S.C. § 1983)**

35. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

36. By supporting Barker as a political candidate and attending a Barker campaign event, Plaintiff engaged in activity protected by the First Amendment to the United States Constitution ("First Amendment").

37. Defendants were aware of Plaintiff's above-described political activities and associations.

38. Defendants terminated Plaintiff's employment because of her above-described political activities and associations, in violation of her First Amendment rights.

39. By terminating Plaintiff's employment for these reasons, Defendants unlawfully retaliated against Plaintiff for engaging in activity protected by the First Amendment.

40. Plaintiff's rights under the First Amendment, as described above, are clearly established rights.

41. At all times relevant, Sheriff Fatheree acted pursuant to the official policies, procedures, and/or practices of Summit County and has policymaking authority for the County.

42. Sheriff Fatheree's conduct, as described above, was malicious, intentional, and/or recklessly or callously indifferent to Plaintiff's clearly established and constitutionally protected rights, rendering her liable to Plaintiff for punitive damages.

43. Defendants' conduct has caused, and will continue to cause, financial, reputational, emotional, and other compensable harm to Plaintiff, for which Defendants are liable pursuant to 42 U.S.C. § 1983.

### COUNT II
### Civil Liability for Criminal Acts under Ohio Rev. Code § 2307.60(A): Defendant Sheriff Fatheree's violation of Ohio Rev. Code § 2921.44(E)

44. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

45. Ohio Rev. Code § 2307.60 allows anyone injured by a criminal act to recover full damages in a civil action.

46. By terminating Plaintiff's employment because of her political activities and associations, Defendant Sheriff Fatheree recklessly acted in contravention of Plaintiff's legal rights under the First Amendment.

47. Sheriff Fatheree's conduct constitutes a violation of Ohio Rev. Code § 2921.44(E), which prohibits a public servant from engaging in a dereliction of duty, stating that "no public servant shall…recklessly do any act expressly forbidden by law with respect to the public servant's office."

48. Violation of Ohio Rev. Code § 2921.44(E) is a misdemeanor of the second degree under Ohio Rev. Code § 2921.44(F).

49. As a direct and proximate result of Defendant Sheriff Fatheree's criminal conduct in violation of Ohio Rev. Code § 2921.44(E), Plaintiff has suffered economic and non-economic damages and will continue to suffer economic and non-economic damages, including, but not limited to, mental, emotional, and reputational harm.

50. Sheriff Fatheree's malicious, intentional, reckless, and/or conscious disregard for Plaintiff's clearly established rights renders her liable to Plaintiff for punitive damages.

## COUNT III
**Civil Liability for Criminal Acts under Ohio Rev. Code § 2307.60(A): Defendant Sheriff Fatheree's violation of Ohio Rev. Code § 2921.45(A)**

51. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

52. Ohio Rev. Code § 2307.60 allows anyone injured by a criminal act to recover full damages in a civil action.

53. Upon information and belief, Defendant Sheriff Fatheree, by terminating Plaintiff's employment because of her political activities and associations, knowingly deprived Plaintiff of her rights under the First Amendment.

54. Sheriff Fatheree's conduct constitutes a violation of Ohio Rev. Code § 2921.45(A), which prohibits a public servant from violating any person's constitutional or statutory rights, stating that "no public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

55. A violation of Ohio Rev. Code § 2921.45(A) is a misdemeanor of the first degree under Ohio Rev. Code § 2921.45(B).

56. As a direct and proximate result of Defendant Sheriff Fatheree's criminal conduct in violation of Ohio Rev. Code § 2921.45(A), Plaintiff has suffered economic and non-economic damages, and will continue to suffer economic and non-economic damages, including, but not limited to, mental, emotional, and reputational harm.

57. Sheriff Fatheree's malicious, intentional, reckless, and/or conscious disregard for Plaintiff's clearly established rights renders her liable to Plaintiff for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

(a) Enter a declaratory judgment stating that Defendants violated Plaintiff's rights secured by the First Amendment to the United States Constitution;

(b) Award Plaintiff compensatory damages;

(c) Award Plaintiff punitive damages from Defendant Sheriff Fatheree in an amount to be determined by a jury at trial;

(d) Reinstate Plaintiff to her position with Summit County, with restoration of all seniority and other rights, and otherwise make Plaintiff whole, including by awarding her all of her lost wages and benefits;

(e) Award Plaintiff her reasonable attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988; and,

(f) Award such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Stuart G. Torch*
STUART G. TORCH (Ohio #0079667)
CHRISTINA M. ROYER (Ohio #0073695)
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Telephone)
(216) 381-0250 (Facsimile)
stuart@employmentlawpartners.com
chris@employmentlawpartners.com

*Attorneys for Plaintiff Stacy Clark*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Stacy Clark hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Stuart G. Torch*
STUART G. TORCH (Ohio #0079667)

*One of the Attorneys for Plaintiff Stacy Clark*