IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACY CLARK | ) | CASE NO. 5:25-cv-106 |
| Plaintiff | ) | |
| v. | ) | JUDGE PATRICIA A. GAUGHAN |
| KANDY FATHEREE, *et al.* | ) | **ANSWER** |
| Defendants | ) | **JURY DEMAND ENDORSED HEREIN** |

Now come Defendants, Kandee Fatheree, in her official and individual capacity, and Summit County, Ohio, by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, state as follows:

## FIRST DEFENSE

1. Defendants deny the allegations in Paragraph One (1) of the Complaint.

2. Defendants deny the allegations in Paragraph Two (2) of the Complaint.

3. Defendants deny the allegations in Paragraph Three (3) of the Complaint.

4. Defendants admit the allegations in Paragraph Four (4) of the Complaint.

5. Defendants deny the allegations in Paragraph Five (5) of the Complaint.

6. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Six (6) of the Complaint and deny the same at this time.

7. Defendants admit that Plaintiff was previously employed by Defendant, Summit County, Ohio as a Deputy Sheriff, and deny the remainder of the allegations in Paragraph Seven (7) of the Complaint.

1

8. Defendants admit only that Sheriff Kandy Fatheree has been the elected Sheriff of Summit County, Ohio since January 24, 2021 and deny the remaining allegations in Paragraph Eight (8) of the Complaint.

9. Defendants admit the allegations in Paragraph Nine (9) of the Complaint.

10. Defendants admit that the Sheriff is a policymaker and acted within the bounds of her authority in response to the allegations in Paragraph Ten (10) of the Complaint.

11. Defendants admit the allegations in Paragraph Eleven (11) of the Complaint.

12. Defendants admit the allegations in Paragraph Twelve (12) of the Complaint.

13. Defendants incorporate their responses to Paragraphs One (1) through Twelve (12) in response to Paragraph Thirteen (13) of the Complaint.

14. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Fourteen (14) of the Complaint and deny the same at this time.

15. Defendants admit the allegations in Paragraph Fifteen (15) of the Complaint.

16. Defendants admit the allegations in Paragraph Sixteen (16) of the Complaint.

17. Defendants admit that upon Plaintiff's retirement as a Deputy Sheriff, Sheriff Fatheree commissioned Plaintiff as a Special Deputy, and deny the remaining allegations in Paragraph Seventeen (17) of the Complaint.

18. Defendants admit the allegations in Paragraph Eighteen (18) of the Complaint.

19. Defendants admit Plaintiff received no discipline as a Special Deputy and deny the remaining allegations in Paragraph Nineteen (19) of the Complaint.

20. Defendants admit the allegations in Paragraph Twenty (20) of the Complaint.

21. Defendants admit the allegations in Paragraph Twenty-One (21) of the Complaint.

22. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Twenty-Two (22) of the Complaint and deny the same at this time.

23. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Twenty-Three (23) of the Complaint and deny the same at this time.

24. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Twenty-Four (24) of the Complaint and deny the same at this time.

25. Defendants admit the allegations in Paragraph Twenty-Five (25) of the Complaint.

26. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Twenty-Six (26) of the Complaint and deny the same at this time.

27. Defendants deny the allegations in Paragraph Twenty-Seven (27) of the Complaint.

28. Defendants deny the allegations in Paragraph Twenty-Eight (28) of the Complaint.

29. Defendants deny the allegations in Paragraph Twenty-Nine (29) of the Complaint.

30. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty (30) of the Complaint and deny the same at this time.

31. Defendants admit that the Sheriff reported to OPOTA that Plaintiff's special deputy commission was terminated and deny the remaining allegations in Paragraph Thirty-One (31) of the Complaint.

32. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty-Two (32) of the Complaint and deny the same at this time.

33. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty-Three (33) of the Complaint and deny the same at this time.

34. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty-Four (34) of the Complaint and deny the same at this time.

35. Defendants incorporate their responses to Paragraphs One (1) through Thirty-Four (34) in response to Paragraph Thirty-Five (35) of the Complaint.

36. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty-Six (36) of the Complaint and deny the same at this time.

37. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty-Seven (37) of the Complaint and deny the same at this time.

38. Defendants deny the allegations in Paragraph Thirty-Eight (38) of the Complaint.

39. Defendants deny the allegations in Paragraph Thirty-Nine (39) of the Complaint.

40. Defendants deny the allegations in Paragraph Forty (40) of the Complaint.

41. Defendants admit the allegations in Paragraph Forty-One (41) of the Complaint.

42. Defendants deny the allegations in Paragraph Forty-Two (42) of the Complaint.

43. Defendants deny the allegations in Paragraph Forty-Three (43) of the Complaint.

44. Defendants incorporate their responses to Paragraphs One (1) through Forty-Three (43) in response to Paragraph Forty-Four (44) of the Complaint.

45. Defendants state that R.C. 2307.60 speaks for itself, and its meaning and intent is clear and straightforward in response to Paragraph Forty-Five (45) of the Complaint.

46. Defendants deny the allegations in Paragraph Forty-Six (46) of the Complaint.

47. Defendants deny the allegations in Paragraph Forty-Seven (47) of the Complaint.

48. Defendants deny the allegations in Paragraph Forty-Eight (48) of the Complaint.

49. Defendants deny the allegations in Paragraph Forty-Nine (49) of the Complaint.

50. Defendants deny the allegations in Paragraph Fifty (50) of the Complaint.

51. Defendants incorporate their responses to Paragraphs One (1) through Fifty (50) in response to Paragraph Fifty-One (51) of the Complaint.

52. Defendants state that R.C. 2307.60 speaks for itself and its meaning and intent clear and straightforward in response to Paragraph Fifty-Two (52) of the Complaint.

53. Defendants deny the allegations in Paragraph Fifty-Three (53) of the Complaint.

54. Defendants deny the allegations in Paragraph Fifty-Four (54) of the Complaint.

55. Defendants admit the allegations in Paragraph Fifty-Five (55) of the Complaint.

56. Defendants deny the allegations in Paragraph Fifty-Six (56) of the Complaint.

57. Defendants deny the allegations in Paragraph Fifty-Seven (57) of the Complaint.

58. Defendants deny all Wherefore clauses and prayers for relief.

59. Defendants deny each and every other allegation not heretofore admitted as true.

## SECOND DEFENSE

60. Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

61. Defendants assert the immunities, defenses and privileges under Chapter 2744 of the Ohio Revised Code.

## FOURTH DEFENSE

62. With regard to Plaintiff's cause of action under 42 U.S.C §1983 against the Defendant in her individual capacity, Defendants assert qualified immunity from liability.

## FIFTH DEFENSE

63. Plaintiff's First Amendment Retaliation claim fails because she did not engage in constitutionally protected speech.

## SIXTH DEFENSE

64. Plaintiff's First Amendment Retaliation claim fails because Plaintiff did not suffer an adverse employment action.

## SEVENTH DEFENSE

65. Plaintiff's First Amendment Retaliation claim fails because there is no causal connection between any alleged constitutionally protected speech and any purported adverse employment action.

## EIGHTH DEFENSE

66. If Plaintiff is determined to be a confidential, policymaking and fiduciary Special Deputy commissioned by an elected official, Plaintiff's commission could be revoked for engaging in conduct and speech that would otherwise be protected under the First Amendment.

## NINTH DEFENSE

67. Plaintiff's own actions and performance are the proximate cause of her damages, if any.

## TENTH DEFENSE

68. As a unclassified at will, volunteer commissioned Special Deputy, Plaintiff served at the Sheriff's pleasure, and the commission could be revoked at any time for any reason.

## ELEVENTH DEFENSE

69. Defendants had legitimate, non-discriminatory reasons for revoking Plaintiff's commission.

## TWELFTH DEFENSE

70. There is no competent evidence that Defendant Sheriff's reasons behind her decision to revoke Plaintiff's Special Deputy commission were pretextual.

## THIRTEENTH DEFENSE

71. Plaintiff was an unclassified, at-will volunteer commissioned by the Summit County Sheriff and had no property interest in the position of Special Deputy.

## FOURTEENTH DEFENSE

72. Plaintiff is not entitled to application of the public employee speech doctrine.

**FIFTEENTH DEFENSE**

73. There exists no clearly established case law that has expanded the public employee speech doctrine to an unclassified, at-will, volunteer special deputy commissioned by the Sheriff, who serves only during the incumbency of the Sheriff and has no property interest in the position.

**SIXTEENTH DEFENSE**

74. Defendants assert that no constitutional violations occurred and Defendants acted within the bounds of their lawful authority.

**SEVENTEENTH DEFENSE**

75. Defendant Summit County is not liable to the Plaintiff under the doctrine of in pari delicto.

**EIGHTEENTH DEFENSE**

76. Defendants would have taken the same action of revoking Plaintiff's commission without regard to Plaintiff's political speech, activity or association.

**NINETEENTH DEFENSE**

77. Defendants reserve the right to amend and plead other affirmative defenses after reasonable opportunity for discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Court dismiss the Complaint with all costs and expenses taxed to Plaintiff.

Respectfully submitted,

**ELLIOT KOLKOVICH**
Prosecuting Attorney

*/s/ John Christopher Reece*
JOHN CHRISTOPHER REECE  (0042573)
MARRETT W. HANNA, (0065689)
*Counsel for Kandy Fatheree and Summit County*
Assistant Prosecuting Attorney
Summit County Safety Building
53 University Avenue
Akron, Ohio  44308
(330) 643-2792; fax (330) 643-8540
jreece@prosecutor.summitoh.net
mhanna@prosecutor.summitoh.net

## JURY DEMAND

Defendants demand trial by jury in the maximum number of jurors permitted by law for each claim and cause of action.

/S/ John Christopher Reece
John Christopher Reece – No. 0042573

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing Answer was filed electronically on this 21st day of March 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /S/ John Christopher Reece
                                                John Christopher Reece – No. 0042573