**SUMMIT COUNTY SHERIFF'S OFFICE**
**SHERIFF DREW ALEXANDER**
**CONFIDENTIAL INVESTIGATION**

INCIDENT REPORT NO. _____

FROM: Sgt. Gerone French      DATE OF INCIDENT: 07/23/2009

TO: Lt. Kandy Fatheree        DATE INVESTIGATED: 08/17/2009

SUBJECT: Court Ordered for Secure Money     ARRESTS: _____

PLACE OF OCCURRENCE:
Wickens Interprises Inc.
2610 E. Waterloo Rd.
Akron Ohio, 44312

**SYNOPSIS:** On August 17, 2009 Lieutenant Fatheree advised me to go to Wickens Interprises Inc. and follow up on the procedures that Deputy Clark used in securing monies from a Court ordered restitution agreement.

**ACTION TAKEN:** On August 17, 2009 at approximately 1415 hours I arrived at 2610 E. Waterloo Rd. where I spoke with a Mr. Lance Johnson reference the money that he was ordered to pay in restitution to the court. Mr. Johnson advised that he was contacted by Deputy Clark and that she would be the deputy picking up the $2,824.47 that was due. Mr. Johnson had 3 money orders made out in the sums of 2 for $1,000, and 1 for $824.47. Deputy Clark met with Mr. Johnson and picked up these money orders. Deputy Clark sometime later called Mr. Johnson and advised that a mistake had been made, and that an additional $784.35 was needed to complete his restitution to the court. Mr. Johnson met with Deputy Clark on 07/23/2009 and gave her $784.35 in cash to be paid in full on his restitution. Deputy Clark accepted the cash, but did not give Mr. Johnson a receipt for his cash payment.

BY: /s/ _____ DATE: 8/18/09

PAGE 1 OF 2
Form IB-1005-A
Revised 6/6/97


EXHIBIT
G

8/18/2009) Gerone French - Wickens Enterprises.doc                                                                      Page 1

# SUMMIT COUNTY SHERIFF'S OFFICE
## SHERIFF DREW ALEXANDER
### CONFIDENTIAL INVESTIGATION

INCIDENT REPORT NO.
__J20070354__

FROM: Deputy Stacy Clark

TO: Lt. Fatheree, Sgt. Wright, Sgt. French        DATE OF INCIDENT: __July 23, 2009__

SUBJECT: __Writ of Execution__                    DATE INVESTIGATED: __July 23, 2009__

PLACE OF OCCURRENCE:                              ARRESTS: _____

__Summit County Courts__                                   _____

__209 High Street__                                        _____

__Akron, Ohio 44308__                                      _____

**SYNOPSIS:** On July 23, 2009, while working as a Civil Deputy I traveled to 2610 E Waterloo Road, Akron, Ohio to execute on a Writ of Execution on Wickens Enterprises.

**ACTION TAKEN:** On July 23, 2009, while working as a Civil Deputy Unit 745, I traveled to 2610 E Waterloo Road, Akron, Ohio to execute a Writ of Execution on Wickens Enterprises, which I made service.

I went to my doctor's office and she restricted my duties. I went off duty.

On August 14, 2009, I received a message from Deputy Bailey that a Writ of Execution was missing and to search my vehicle for it which I did and found it. I took the Writ downtown and relinquished it to Lori Campbell.

BY: _____  DATE: _____

PAGE 1 OF 2
Form ID-1005-A
Revised 6/6/97

(8/18/2009) Gerone French - Wickens Enterprises.doc

# SUMMIT COUNTY SHERIFF'S OFFICE
## SHERIFF DREW ALEXANDER
### CONFIDENTIAL INVESTIGATION

**PHYSICAL DESCRIPTION:**

1)

    SSN:                      Height:
    DOB:                     Weight:
    SCSO ID#:         Hair :
                                   Eyes :

**VEHICLE DESCRIPTION:**

1)

    VIN:

BY: _____ DATE: _____

William Wright - law on fdeposits used for reference by auditors

From: Lori Campbell
To: William Wright
Date: 8/17/2009 11:33 AM
Subject: law on fdeposits used for reference by auditors

# 9.38 Deposit of public moneys.

As used in this section and section 9.39 of the Revised Code:

(1) "Color of office," "public office," and "public official" have the same meanings as in section 117.01 of the Revised Code.

(2) "Legislative authority" means a board of county commissioners, a board of township trustees, the legisla authority of a municipal corporation, or the board of education of a school district.

A person who is a state officer, employee, or agent shall pay to the treasurer of state all public moneys rec by that person as required by rule of the treasurer of state adopted pursuant to section 113.09 of the Revis Code. A person who is a public official other than a state officer, employee, or agent, shall deposit all public moneys received by that person with the treasurer of the public office or properly designated depository on business day next following the day of receipt, if the total amount of such moneys received exceeds one thousand dollars. If the total amount of the public moneys so received does not exceed one thousand dollars, the person shall deposit the moneys on the business day next following the day of receipt, unless the public official of which that person is a public official adopts a policy permitting a different time period, not to exceed three business days next following the day of receipt, for making such deposits, and the person is able to safeguard the moneys until such time as the moneys are deposited. The policy shall include provisions and procedures to safeguard the public moneys until they are deposited. If the public office of which the person public official is governed by a legislative authority, only the legislative authority may adopt such a policy; in case of a board of county commissioners, the board may adopt such a policy with respect to public offices the board's direct supervision and the offices of the prosecuting attorney, sheriff, coroner, county engineer, county recorder, county auditor, county treasurer, or clerk of the court of common pleas. If a person who i public official receives public moneys for a public office of which that person is not a public official, that pe shall, during the first business day of the next week, pay to the proper public official of the proper public of the moneys so received during the current week.

Effective Date: 11-02-1999

000461

# SUMMIT COUNTY SHERIFF'S OFFICE
# SHERIFF DREW ALEXANDER



TARI COOLEY
ADMINISTRATION

## ORDER NO. #13-2005

ALL FUNDS RECEIVED BY THE SUMMIT COUNTY SHERIFF'S OFFICE, OTHER THAN THOSE HELD AS EVIDENCE, SHALL BE DEPOSITED WITH EITHER THE FISCAL OFFICER OR APPROPRIATE BANKING INSTITUTION ON A _DAILY_ BASIS.

IN THE EVENT THE FUNDS CANNOT BE DEPOSITED DUE TO WEEKENDS AND HOLIDAYS, THE FUNDS SHALL BE RETAINED IN A SECURE LOCATION.

_signature_
**Drew Alexander**
Sheriff, Summit County

7-20-05
Date

# CHAPTER 8
# DISCIPLINARY PROCEDURES

Sections:

8:1 **Obeying All Laws:** Deputies/employees of the Sheriff's Office shall obey all laws of the United States, the State of Ohio or any State, or any local governmental Sub-Division. The following is prima facie evidence of a violation of this Section:

   a. The failure to report immediately to the Division Commander any time a Deputy/employee is arrested or summonsed for any criminal offense or any other situation that may prevent the Deputy/employee from carrying out their official duty. A violation of this Sub-Section is a minor offense of the second degree.

   b. A conviction for any criminal offense for which the possible punishment is more than one (1) year in a correctional facility in any jurisdiction. A violation of this Sub-Section is a major offense of the first degree.

   c. A conviction for any criminal offense involving moral turpitude, dishonesty, or fraud and for which the possible punishment is less than one (1) year in a correctional facility or jail in any jurisdiction. A violation of this Sub-Section is a major offense of the second degree.

   d. A conviction for any criminal offense for which any confinement is a possible penalty. A violation of this Sub-Section is a minor offense of the second degree.

   e. A conviction for any other criminal offense. A violation of this Sub-Section is a minor offense of the third degree.

8-2 **False Statements:** No Deputy/employee shall knowingly make a false statement:

   a. In the course of any criminal investigation. A violation of this Sub-Section is a major offense of the first degree.

   b. In the course of any Internal Investigation. A violation of this Sub-Section is a major offense of the third degree.

   c. To any other official or agency conducting an official investigation, whether or not under oath. A violation of this Sub-

# SUMMIT COUNTY SHERIFF'S OFFICE
## NOTICE OF DISCIPLINARY ACTION

| | | | |
|---|---|---|---|
| EMPLOYEE: | Stacy Clark | JOB TITLE: | Deputy Sheriff |
| DEPARTMENT: | Court and Special Services | DUTY STATION: | Civil |
| DATE OFFENSE OCCURRED: | 08/14/2009 | DATE WARNING ISSUED: | |

### REASON(S) FOR WARNING:

| | | | |
|---|---|---|---|
| ☐ ABSENCE WITHOUT LEAVE | | ☐ SUBSTANCE ABUSE | |
| ☐ INCOMPETENCY | | ☐ DISCOURTEOUS TREATMENT OF THE PUBLIC | |
| ☐ INEFFICIENCY | | ☐ CONDUCT UNBECOMING A DEPUTY SHERIFF | |
| ☐ INSUBORDINATION | | ☐ DISHONESTY | |
| ☐ DRUNKENNESS | | ☐ MISFEASANCE | |
| ☐ IMMORAL CONDUCT | | ☐ MALFEASANCE | |
| ☐ NEGLECT OF DUTY | | ☒ NONFEASANCE | |
| ☒ OTHER (SPECIFY): | Violation of Rule and Regulation 8-1 and Order Sheriff's #13-2005 | | |

### Explanation for above warning (attach additional sheets if necessary):

Sheriff's Order #13-2005 (copy attached) requires that all funds received by the Sheriff's Office must be deposited on a daily basis. Rules and Regulations 1-2.2 specifies that these orders remain in effect until modified or cancelled by the Sheriff. Rules and Regulations 6-11 state that any posted order shall have the same effect as rules and regulations. Sheriff's Office Rules and Regulations 8-1, state: "Deputies/employees of the Sheriff's Office shall obey all laws of the United States, the State of Ohio or any state, or the local governmental Sub-Division." A copy of that section is attached. Ohio Revies Code 9.38 Deposit of public moneys (copy attached) requires that funds received be deposited on the business day next following the day of receipt.

On July 23, 2009 Deputy Stacy Clark collected $784.35 in cash from Lance Johnson of Wickens Enterprises because of a Court Ordered restitution agreement. This was the remaining balance owed that completed the obligation owed by Wickens Enterprises. Deputy Clark failed to bring the funds and surrender them to the Sheriff's Civil Office until August 18, 2009. Deputy Clark had been on sick leave and vacation during that time period. Deputy Clark's failure to surrender the funds collected in a timely manner violated both the Rules and Regulations 8-1, Sheriff's Order #13-2005, and the legal requirements of Ohio Revised Code 9.38.

Violations as specified above constitute an informal offense. For a first informal offense, penalties range from a minimum of a written warning to a maximum of 2 days suspension.

### RECOMMENDED ACTION:

| | |
|---|---|
| ☒ WRITTEN WARNING | ☐ WRITTEN REPRIMAND |
| ☐ OTHER (SPECIFY): | Administrative Action |

| | |
|---|---|
| [signature] | 01/08/2009 |
| IMMEDIATE SUPERVISOR | DATE |

| | |
|---|---|
| ☒ ACTION APPROVED | ☐ ACTION DISAPPROVED |
| ☐ OTHER (SPECIFY): | Administrative Action |

| | |
|---|---|
| [signature] | 9-08-09 |
| IMMEDIATE SUPERVISOR | DATE |

If written warning or reprimand is issued, note date and time this section was discussed with employee:

| DATE | TIME | SUPERVISOR |
|---|---|---|

### EMPLOYEE COMMENTS (ATTACH ADDITIONAL SHEETS IF NECESSARY):

I acknowledge that this action has been discussed with me (acknowledgment does not indicate guilt or innocence):

| | |
|---|---|
| [signature] | September 9, 2009 |
| EMPLOYEE SIGNATURE | DATE |

CF-003-97