## SUMMIT COUNTY SHERIFF'S OFFICE
## NOTICE OF DISCIPLINARY ACTION

**EMPLOYEE:**  Stacy Clark  **JOB TITLE:**  Deputy Sheriff

**DIVISION/BUREAU:**  Court Services  **DUTY STATION:**  MRDD Board Tallmadge Av

**DATE OFFENSE OCCURRED:**  Various  **DATE NOTICE ISSUED:**  05-01-13

### TYPE OF MISCONDUCT

| | | | |
|---|---|---|---|
| ☒ | ABSENCE WITHOUT LEAVE | ☐ | SUBSTANCE ABUSE |
| ☒ | INCOMPETENCE | ☐ | DISCOURTEOUS TREATMENT OF THE PUBLIC |
| ☐ | INEFFICIENCY | ☒ | CONDUCT UNBECOMING A DEPUTY SHERIFF |
| ☒ | INSUBORDINATION | ☐ | DISHONESTY |
| ☐ | DRUNKENNESS | ☐ | MISFEASANCE |
| ☐ | IMMORAL CONDUCT | ☐ | MALFEASANCE |
| ☐ | NEGLECT OF DUTY | ☐ | NONFEASANCE |
| ☐ | OTHER (SPECIFY): | | |

### EXPLANATION FOR NOTICE OF DISCIPLINE

Upon receiving complaints from a citizen and the Director of the MRDD board and after conducting an internal investigation in to Deputy Stacy Clark's "On Duty" activities while working at her scheduled MRDD security detail, the following Rules and Regulations Violations have been determined to have occurred.

During several reported incidents, it was substantiated that Deputy Clark violated several Summit County Sheriff's Office Rules and Regulations and Policies and Procedures. These investigative findings and violations come from reviewing all the evidence and information gathered during the investigation including, attendance records, emails, multiple interviews, video surveillance and the deputy's own admissions / statements etc.

### INCIDENT #1

On March 01, 2013, Deputy Clark was involved in a private property accident at the MRDD Board located at 89 East Howe Road in the City of Tallmadge, Ohio. Deputy Clark drove a Summit County Sheriff's Office Patrol Vehicle into an overhead door at the property causing an estimated $600.00 to $800.00 dollars worth of damage to the door. Deputy Clark failed to follow the below rules and regulations. She did not notify Summit County Dispatch nor did she complete all required reports.  Although Deputy Clark notified her supervisor of the accident she was directed by the Supervisor, Sergeant Gerone French to submit all required paper work resulting from the crash. By her own admission during the investigation and as of April 18, 2013, Deputy Clark has not submitted any reports or paperwork in regards to this accident. She has violated the following:

**Summit County Sheriff's Office Rules and Regulations Chapter 9: Office Property 9-4 Reporting of Accidents involving Sheriff's Personnel** which states Accidents while on duty involving Sheriff's Office personnel or property must be reported in accordance with adopted Policy and Procedures (G-1:7.1).**A violation of this Section is a minor offense of the third degree.**

CF-003-97  1 of 5  08/15/2011

EXHIBIT
I

**SUMMIT COUNTY SHERIFF'S OFFICE**
**NOTICE OF DISCIPLINARY ACTION**

**Deputy Clark also violated Summit County Sheriff's Office Rules and Regulations Chapter 6 Secdtion 6-6 Submitting Reports** which states, Deputies/ Employees shall submit all reports required in the performance of their duties a. Prior to completing their tour of duty or c. As directed by their supervisor. **A violation of this section is a minor offense of the third degree.**

**INCIDENT # 2**

On April 04, 2013 at approximately 1030 hours, Deputy Clark left her scheduled assignment at the MRDD Board located at 89 East Howe Road in the City of Tallmadge, Ohio while dressed in an official Sheriff's Office uniform and using a marked Sheriff's Patrol unit, she accompanied a friend to an address located at 736 Bettes Ave in the City of Akron, Ohio. She went to this residence to assist her friend the home owner "Angela Hays" with serving an eviction on a tenant who resided at that address.  It was determined that the Complainant/ tenant believed that Deputy Clark was there on official business representing the Sheriff's Office and was acting under the color of law.  Based on the findings of an internal investigation into this incident and based on her actions and with Deputy Clark's own statements it was found that Deputy Clark did in fact present herself as a "Deputy Sheriff" at the incident  but had no legal authority from any court jurisdiction to act upon the alleged eviction nor did she have permission from any Sheriff's Office supervisor allowing her to assist with such an eviction or did she get permission to leave her assigned post on the date in question.

Deputy Clark's actions during this incident has brought the Sheriff's Office under public scrutiny and ridicule and her actions reflect unfavorable on the agency as well as opens the agency to possible civil action and liability due to her actions and decisions on that day which clearly constitutes the following violations.

✓ **Deputy Clark violated the Summit County Sheriff's Office Rules and Regulations 8-7-0 Prohibited Conduct:** No deputy will conduct themselves in such a manner as to reflect unfavorably on the Sheriff's Office. Deputies shall not perform any acts or make any statements oral or written, for publication or otherwise, which tend to bring the Sheriff's Office or its administration into disrepute or ridicule; or which destructively criticizes the Sheriff's Office or its administration in the performance of their official duties; or which tend to disrupt or impair the performance of the deputy of this office; or which tend to interfere with or subvert the reasonable supervision of proper discipline of the deputies of the Sheriff's Office and any other conduct unbecoming a deputy of the Sheriff's Office. **This violation is a Major Offense of the 2nd degree.**

Deputy Clark  did not seek relief from duty to perform the eviction and willingly left her assignment without permission to leave so that she could assist her friend with the eviction which constitutes the following violation:

✓ **Deputy Clark violated the Summit County Sheriff's Office Rules and Regulations 12-4 Early Relief from Duty:** Deputies/employees seeking early relief from duty because of personal reasons shall contact their supervisor and request early relief. Deputies shall not leave their assignment until permission has been given to do except in cases of emergency illness. **A violation of this section is a minor offense of the third degree.**

**SUMMIT COUNTY SHERIFF'S OFFICE**
**NOTICE OF DISCIPLINARY ACTION**

Deputy Clark has previously worked in the Civil Bureau for over two years serving court documents, evictions, subpoenas etc. and was trained on how service of these documents are carried out by the Sheriff's Office. Based on her twenty years of experience and training she would have known that her actions during this incident were not in compliance with Sheriff's Office Policies and Procedures or even lawful and her excuse during the investigation of not knowing it was wrong clearly brings in to question her competency in performance of duty which constitutes the below violation.

**Deputy Clark also violated the Summit County Sheriff's Office Rules and Regulations 8-4-b Competency in Performance of Duty:** Inability to perform the duties of a deputy sheriff by reason of lack of knowledge of the laws of the United States, the State of Ohio, Ordinances of Summit County and local ordinances, Policies and Procedures and Rules and Regulations of the sheriff's office. **A violation of the sub-section is a minor offense of the first degree.**

**INCIDENT # 3**

During the internal investigation it was also determined and verified by Deputy Clark's own statements that On March 28, 2013, Deputy Clark left work two hours early and did not work her entire shift. On March 29, 2013 Deputy Clark left four hours early and did not work her entire shift. Deputy Clark failed to submit the proper Application for Leave forms and also failed to mark her time sheet accordingly, stating that she used some type of leave. Her time sheet for that week reflects she worked eight hours on March 28, 2013 and eight hours on March 29, 2013.

Deputy Clark admitted that she did take the time off and admitted to not knowing how much time she took. Deputy Clark completed her time slip to show that she worked a full eight hours on the dates in question and further admitted that she did not turn in an Application For Leave Form for the dates in question.

**Deputy Clark violated the Summit County Sheriff's office Rules and Regulations Chapter 8 Sub section 8-2 D** which states, No deputy/employee of the sheriff's office shall make false official reports, or knowingly enter or cause to be entered in any sheriff's office book, record or report any inaccurate, false or improper official information or material. **A violation of this sub-section is a Major Offense of the third degree.**

During a subsequent attendance review it was found that Deputy Clark failed to again complete an Application for Leave form on the following dates 10/17, 10/26, 10/31, 11/26/ 11/28, 12/31 of 2012 and again on 3/8 and 3/20 2013 as well as 3/28. 3/29 of 2013.

**Deputy Clark violated the Summit County Sheriff's Office Policy and Procedures 2.2.0. 1-J Personnel-Attendance-Reporting for Duty:** which states, The employee shall complete a Sheriffs Office Application for Leave Form and submit all necessary documentation prior to the completion of his/her shift on the first day returning to work.

**SUMMIT COUNTY SHERIFF'S OFFICE**
**NOTICE OF DISCIPLINARY ACTION**

Subsequently by violating the sheriff's office Personnel- Attendance policy on over eight separate occasions during the review it was determined that:

**Deputy Clark violated the Summit County Sheriff's office Rules and Regulations Chapter 8 Sub section 8-4 a Competency in Performance of Duty:** which state, Deputies/employees shall maintain sufficient competency to properly perform their duties and assume the responsibilities of their positions. Deputies/employees shall perform their duties in a manner which will maintain the highest standards of efficiency in carrying out the functions and objectives of the Summit County Sheriff's Office. Unsatisfactory performance shall include, but not be limited to the following:
 **a. Violation of Policy & Procedures of the Sheriff's Office.**

**A violation of this Sub-Section is a minor offense of the first degree.**

**INCIDENT #4**

On April 05, 2013, at approximately 1330 hours, at the end of her internal investigation interview, Deputy Clark was given an order not to discuss the internal investigation case with anyone.

During the investigation it was discovered that Deputy Clark was discussing the internal investigation with other people other than the investigator or Union Representative.

On April 30, 2013 at approximately 0900 hours during a subsequent interview with Deputy Clark, she was asked if she remembered at the end of her first interview that she was told not to discuss this case with anyone and did she remember that. Deputy Clark said, "Yes". She was asked if she had talked to anyone about this case. Deputy Clark said, "Yes". Deputy Clark said she talked to a friend named Angela;  and a Denise Thrasher but didn't get into the specifics. She was asked  if she talked to Sergeant Cummings about this case. Deputy Clark said, "Yea I did". Her deliberate behavior after being ordered not to speak with anyone about the investigation after her initial internal investigation interview could have jeopardized the investigation and is clearly a direct violation of the following.

**Deputy Clark violated  the Summit County Sheriff's office Rules and Regulations Chapter 6 Sub section 8-a respect for Supervisors/Subordinates which states:** Deliberate refusal to obey a lawful order constitutes insubordination and is a **Major Offense of the second degree.**

---

| RECOMMENDED ACTION |
|---|

☐ **WRITTEN WARNING**          ☐ **WRITTEN REPRIMAND**          ☒ **ADMINISTRATIVE REFERRAL**

**CORRECTIVE ACTION PLAN:** (Proposed solution(s)/Actions to be taken. Include time frames)

CF-003-97                                    4 of 5                            Revised: 08/15/2011

001547

**SUMMIT COUNTY SHERIFF'S OFFICE**
**NOTICE OF DISCIPLINARY ACTION**

INSERT HERE

_Lt Randy L Fathers_                    5/3/13
**INITIATING SUPERVISOR**                  **DATE**

## ACTION TAKEN

☐ **WRITTEN WARNING**        ☐ **WRITTEN REPRIMAND**        ☒ **ADMINISTRATIVE REFERRAL**

☐ **CORRECTIVE ACTION PLAN APPROVED**

_B. Albright_                          5/2/13
**APPROVING SUPERVISOR**                  **DATE**

**EMPLOYEE COMMENTS (ATTACH ADDITIONAL SHEETS IF NECESSARY) :** _____

_____

_____

_____

**I acknowledge that this action has been discussed with me**
**(acknowledgment does not indicate guilt or innocence)**

_Stacy Clark_                          5/3/2013
**EMPLOYEE SIGNATURE**                    **DATE**

_Lt Randy L Fathers_                    5/3/2013
**SUPERVISOR SIGNATURE**                  **DATE**



# KRISTEN M. SCALISE CPA, CFE
## Fiscal Officer
### County of Summit

May 29, 2013

Ms. Donna George
Summit County Sheriff's Office, Administration
53 University Avenue
Akron, Ohio 44308

Inter-Office Mail

**Re: Deputy Stacy Clark**

Dear Ms. George:

On May 15, 2013, a pre-disciplinary hearing was held regarding Deputy Stacy Clark. At issue is whether probable cause exists to discipline Deputy Clark for a violation of Rules and Regulations.

After reviewing all the evidence and testimony presented, I hereby issue a finding of probable cause for discipline against Deputy Clark.

Sincerely,

Michael T. Cassetty
Legal Counsel
Summit County Fiscal Office

| AUDITOR DIVISION | RECORDING DIVISION | SERVICE DIVISION | TREASURER DIVISION |
| --- | --- | --- | --- |
| 175 S. Main Street | 175 S. Main Street | 1030 E. Tallmadge Ave. | 175 S. Main Street |
| Akron, Ohio 44308 | Akron, Ohio 44308 | Akron, Ohio 44310 | Akron, Ohio 44308 |
| Phone: 330.643.2625 | Phone: 330.643.2719 | Phone: 330.630.7226 | Phone: 330.643.2606 |
| Fax: 330.643.2622 | | Fax: 330.630.7240 | Fax: 330.643.7760 |



001549

# SUMMIT COUNTY SHERIFF'S OFFICE
## SHERIFF STEVE BARRY
### CONFIDENTIAL INVESTIGATION

INCIDENT REPORT NO. _____

**FROM:** Deputy Stacy R. Clark _____     **DATE OF INCIDENT:** 03/01/2013 _____

**TO:** Sheriff Barry, Lt. Fatheree, Sgt French _____     **DATE INVESTIGATED:** 03/01/2013 _____

**SUBJECT:** _____     **ARRESTS:** none _____

**PLACE OF OCCURRENCE:** Summit County DD _____     _____

89 E. Howe Road _____     _____

Tallmadge, Ohio 44278 _____     _____

## SYNOPSIS:

On March 1, 2013, at approximately 1345 hours I was working at Summit DD located at 89 E. Howe Avenue, Tallmadge, Ohio, 44278. I was driving unit 563 when I pulled up to the garage below B Wing. After coming to a complete stop, my boot which was wet from snow, slipped off the break and my vehicle rolled forward, denting the garage door. I contacted Sgt. French and advised.

## ACTION TAKEN:

On March 1, 2013, at approximately 1345 hours I was working at Summit DD located at 89 E. Howe Avenue, Tallmadge, Ohio, 44278. I was driving Unit 563 when I pulled up to the garage door below B Wing. After coming to a complete stop, my boot, which was wet from snow slipped off the break and vehicle 563 rolled forward, rolling into the garage door and denting it. I reversed my vehicle backwards and parked the vehicle.

Immediately following the vehicle accident I went into the building and made contact with Denise Thrasher (who I report to when Tom Jacobs is not at work). I advised Ms. Thrasher as to what had occurred. Ms. Thrasher and I went back to the garage area and looked at the damage from the door. I was very upset about the incident and Ms. Thrasher advised it was not a big issue and she would contact the door company. We walked back to Ms. Thrasher's office. I asked Ms. Thrasher what I needed to do, if there was any report for me to fill out. Ms. Thrasher advised me that they just fill out a form and she would get that completed, she did not need anything from me.

I called Sgt. Cummings because I thought he was on a temporary transfer to the Courthouse still. I advised Sgt. Cummings that I had rolled into a garage door at Summit DD. I further stated there was no damage done to the cruiser but there was damage done to the garage door and Summit DD personnel was going to call a door company to take a look at it. Sgt Cummings advised he was no longer working at the Courthouse and to contact Sgt. French.

BY _Stacy Clark_ #0278 _____     DATE: 3/1/2013

Page 1 of 2
03/01/2013 _____

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT :

I called Sgt. French and advised him that I had rolled into a garage door at Summit DD.  Sgt. French asked if there was any damage to the cruiser in which I replied there was not.  I told him what Denise Thrasher had stated that it was not a big deal and they would contact a door company to fix the garage door and they were doing a Summit DD report.  Sgt. French advised me to make note of it for my reference.  Sgt. French did not advise that anything further needed to be done.

The vehicle incident was not brought up again by any parties until April 5, 2013.

## VEHICLE DESCRIPTIONS:

Summit County Unit 563.  VIN # 2FAFP71V88X103744.

Page 2 of 2          BY _____ _Denny Place_ #0278_____  DATE : _03/01/2013_

001551



**ACTION DOOR.**
3878 Hudson Drive
Stow, Ohio 44224
(330) 928-2727 Service
(330) 928-4088 Sales

D1303599
PO#: P1301638 ACCT#: D70000 T0005
48023

**INVOICE NUMBER**
00119711
**INVOICE DATE**
04/08/13
**TERMS: NET CASH 10 DAYS**

RECEIVED
FISCAL DEPT.

2013 APR 17 P 3 33

CSBNR/DD

Call# : 223368

**BILL TO**
C0A000
County Of Summit Dd Board
89 E Howe Rd
Tallmadge, OH 44278
Customer PO #: VERBAL

**JOB LOCATION**
C0A000 0001
County Of Summit Dd Board
89 E Howe Rd
Tallmadge, OH 44278

PO P1301638

Loueain 0005

WORK: REPLACED BOTTOM (2) 9' X 24" WD MDL 2411 BROWN SECTIONS AS PER QUOTE. LUBRICATED DOOR.

| Date | Hours | Labor Description | Rate | Amount |
|------|-------|-------------------|------|--------|
| 03/01/13 | 1.25 | Installer | .00 | .00 |
| 03/01/13 | 1.25 | Installer | .00 | .00 |
| 04/01/13 | 2.00 | Installer | .00 | .00 |
| Labor Totals | | | | .00 |

PAID
APR 24 2013
Debra Swingle

| Date | Quant Used | Material Description | Unit Price | Amount |
|------|-----------|----------------------|-----------|--------|
| 04/01/13 | 1.00 | DOOR: 9 X 8'1 WD | .00000 | .00 |
| 04/01/13 | 3.00 | Misc Hardware | .00000 | .00 |
| 04/01/13 | 1.00 | TAX EXEMPT | .00000 | .00 |
| 04/01/13 | 1.00 | TOTAL QUOTED | 740.00000 | 740.00 |
| Material Totals | | | | 740.00 |

Denise Thrasher

RECEIVED
SCAL DEPT.
2013 APR 11 P 2 29
CSBNR/D

| | Amount |
|--|--------|
| | Total Amt | Billable Amt |
| Material | 740.00 | 740.00 |
| Sub Total | 740.00 | 740.00 |
| TOTAL AMOUNT DUE | | 740.00 |

RECEIVED
APR 15 2013
FACILITIES DEPT.

001552

## SUMMIT COUNTY SHERIFF'S OFFICE
## SHERIFF STEVE BARRY
### CONFIDENTIAL INVESTIGATION

**INCIDENT REPORT NO.**
Internal Investigation

**FROM:** Lt. Joseph L. Rusov

**DATE OF INCIDENT:** 04-04-2013

**TO:** Sheriff Barry, Major Whitfield, Inspector Rhoades, Randy Briggs

**DATE INVESTIGATED:** 04-05-2103

**SUBJECT:** Deputy Stacy Clark

**ARRESTS:**

**PLACE OF OCCURRENCE:** 736 Bettes

Akron, Ohio 44310

### SYNOPSIS:

**On April 04, 2013,** I was notified by Inspector Chris Rhoades that he received a telephone call from Ms. Jolene Fletcher regarding an incident at her residence at 736 Bettes Ave in the City of Akron, Ohio. Ms. Fletcher stated on April 04, 2013 at approximately 1030 hours, Deputy Stacy Clark and Mrs. Angela Hays, the home owner, were at her residence to evict her from the home. Ms. Fletcher also stated that Deputy Clark and Angela Hays entered her home and walked through her home looking for damages and taking pictures. Ms. Fletcher stated that Deputy Clark overstepped her authority by entering and walking through her home without her permission, and then tried to evict her. The findings of this investigation are located at the end of this report.

### ACTION TAKEN:

**On April 05, 2013** at approximately 0930 hours, I met and interviewed Ms. Jolene Fletcher at her residence at 736 Bettes Ave in the City of Akron, Ohio. **Ms. Fletcher provided the following information.**

### INTERVIEWED:

Ms. Jolene Fletcher
736 Bettes Ave
Akron, Ohio 44310
330-842-7028

Page 1 of 25

BY: _____ DATE: ____

001553

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

Ms. Fletcher moved into the home on March 01, 2013 with the permission of the home owner Angela Hays. Ms. Fletcher didn't have a signed lease but was given verbal and text message permission from her. Angela Hays wanted her to stay in the home because the house was being foreclosed on and wanted someone to live in the home to keep the home from being damaged until the foreclosure was complete.

On April 04, 2013, Ms. Fletcher stated, at approximately 0930 hours, her roommate Felecia looked out the front window and noticed a sheriff's department vehicle outside the residence. The deputy along with Angela Hays got out of the vehicle and walked up to the house and knocked on the front door. Ms. Fletcher opened the front door and let them. They told Ms. Fletcher they were here to evict her since she was told several times to vacate the property. Ms. Fletcher was then told she was being thrown out and had 24-hours to vacate the property. After Ms. Fletcher was informed about the notice to vacate, the deputy and the home owner Angela Hays walked through the house and took notes about damages and pre-existing conditions inside the home. They told Ms. Fletcher if any of the home's condition was different after she left, she would be held responsible for any costs and repairs to the home. The deputy told Ms. Fletcher since she didn't have a signed lease for the property they were able to throw her out of the home because she had no right to be in the home.

Ms. Fletcher was asked by the Angela Hays to live in the home because she had moved to the State of Arizona and wanted someone to watch over the home until the foreclosure process was finished. Mrs. Hays told Ms. Fletcher she would have 12-18 months before the foreclosure process was complete. Mrs. Hays told her that she didn't have to pay any rent and only wanted her to keep up with the utility bills. Ms. Fletcher said the electric bill was already transferred to her name but the gas bill was still in Mrs. Hays' name. Ms. Fletcher only paid some of the electric bill to keep the electric on because the electric bill had a several hundred dollar balance. Ms. Fletcher has also paid the past two water and sewer bills.

Ms. Fletcher asked the deputy why she was being evicted from the home. The deputy told her she was just not welcomed here at the property. Ms. Fletcher spoke with the City of Akron Police Department and they told her she didn't have to let Angela Hays into the home because of the on going threats and other problems at the home. The police department also told Ms. Fletcher at any time they came to the house for any reason, she needed to contact them for a police escort. Ms. Fletcher felt she didn't need to contact the police department for an escort since the sheriff's department was already at the residence with Mrs. Hays.

BY _____ DATE _____

001554

## CONFIDENTIAL INVESTIGATION - CONTINUED

### INCIDENT REPORT NO. :
### SUBJECT: Deputy Stacy Clark

After the deputy and Mrs. Hays left the residence a neighbor boy walked over to her house. The neighbor boy told Ms. Fletcher that the Hays' had a relative that worked at the sheriff's office and her name was Stacy. Ms. Fletcher said she got on the Internet and looked at several Face Book Accounts under the name of Stacy. She eventually found a Stacy Clark Face Book Account. She opened the account and a saw picture of Deputy Clark. Ms. Fletcher said the picture and the deputy who was at her house were the same person. She also noticed there was a picture of Deputy Clark and Mrs. Hays together and she thought the caption said, "Sister-in laws or relatives".

Ms. Fletcher thought it was kind of funny "they" had a sheriff come over to her house and give her a fake 24-hour eviction and then found out they were related. Ms. Fletcher believed this entire incident was nothing but a fake and she is being harassed by the home owner and Deputy Stacy Clark. I asked Ms. Fletcher if she received a written notice of eviction from Mrs. Hays or Deputy Clark. She replied, "No". Ms. Fletcher said approximately two weeks ago she noticed a tag on her front door from the sheriffs office. Ms. Fletcher called the sheriff's office to find out what it was about. She was told it was reference a foreclosure for Tom and Angela Hays, the home owners.

Ms. Fletcher then remembered a couple of weeks ago on March 26, 2013; she received a written 72-hour eviction notice posted on her front door. I asked Ms. Fletcher if she ever had permission to live in the house. Ms. Fletcher talked to Mrs. Hays about moving in. Mrs. Hays told her since the house was in foreclosure she wanted someone to live in the house. Ms. Fletcher was given a key to the home by Mrs. Hays' nephew, Eli Vasil. Mr. Vasil was living in the basement at the time but she wanted him out of the house because he was selling Marijuana out of the home and didn't want anything to do with his drug dealing. He eventually moved out. I asked Ms. Fletcher if she had the 72-hour evection notice that was served on her from Angela Hays. Ms. Fletcher showed me the notice that was allegedly signed by Angela Hays. It was addressed to Ms. Fletcher and signed by Angela Hays. I noticed on the bottom of the eviction that it was a 72-hour notice of evection. It read, failure to leave the premises would result in an evection process. Ms. Fletcher was never served an eviction process from Angela Hays. I also noticed the evection was allegedly signed by Angela Hays but her signature was not notarized. Ms. Fletcher stated she was being bullied by Deputy Clark and believed that it was highly illegal for her to do this. **This concluded the interview.**

BY _____ DATE _____

001555

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO.:
SUBJECT: Deputy Stacy Clark

I reviewed what was left of the sheriffs' office tag that was left on Ms. Fletcher's door. The writing on the tag was barely legible. What information was legible was a case number on the bottom of the tag. The case number was CV 2013-01-0098 and was delivered on March 22, 2013. I called Lieutenant Aaron Piekarski from the Summit County Sheriff's Office Civil Division and asked him if a home located at 736 Bettes Ave in the City of Akron, Ohio, was going through a foreclosure process. Lieutenant Piekarski could not find any legal documents indicating a foreclosure at that address. However, Lieutenant Piekarski indicated that an attempt was made to deliver Court Documents to the home owners Steven and Angela Hays giving them notice that their property taxes were past due.

**On April 05, 2013,** at approximately 1330 hours, I met and interviewed Deputy Stacy Clark in the Internal Affairs Office located on the fourth floor of the Summit County Sheriff's Office. Also present for the interview were Lieutenant Jennifer Limbert and F.O.P. #139 Representative Deputy Greg Taylor. **Deputy Clark provided the following information.**

**INTREVIEW:**

Deputy Stacy Clark
53 University Ave
Akron, Ohio 44308
330-643-2181

Before the interview started Deputy Clark was advised of her Garrity Rights and was asked to read and sign the Garrity Form. Deputy Clark understood her Garrity Rights and had no questions about her Garrity Rights.

I told Deputy Clark the reason she was here today was because a complaint was filed against her yesterday by Ms. Jolene Fletcher. In her complaint she alleged that Deputy Clark and Mrs. Angela Hays were at Ms. Fletcher's house yesterday on April 04, 2013. I told Deputy Clark before we got started with the interview I wanted to get some basic information about her.

Deputy Clark has been employed with the Summit County Sheriff's Office for approximately 20 years. Deputy Clark is currently assigned to the Court Services Division at the sheriff's office and is working at the Summit County MRDD located at 89 East Howe Road in the City of Tallmadge, Ohio. Her hours of employment are 8:00 AM to 4:00 PM Monday through Friday. Deputy Clark's job responsibility is to provide security for the building by walking around the buildings and patrolling the parking lot in a sheriff's department marked unit #563.

BY _____ DATE _____

001556

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

I asked Deputy Clark if on April 04, 2013, she was out at 763 Bettes Ave in the City of Akron, Ohio. Deputy Clark said, "Yes". Deputy Clark was informed by a friend of hers Mrs. Angela Hays about squatters living in her home at 763 Bettes Ave. Mrs. Hays told Deputy Clark she didn't know what to do about the squatters in the home. Deputy Clark called Deputy Dave Bailey and asked him for some advice. Deputy Bailey told her if there were squatters in the home then they would have to leave. Deputy Bailey also told Deputy Clark if there was a contract such as a lease agreement, then Mrs. Hays would have to go through the eviction process. I asked Deputy Clark what was her definition of a squatter. Deputy Clark said, "It was person staying in a residence that doesn't have the right to be there".

Mrs. Hays lives in the State of Arizona and came home Easter week to evict them. Mrs. Hays wanted them to leave because she didn't give them permission to live in the house. Mrs. Hays told Deputy Clark that there was raw sewage and feces in the basement and her house was basically getting destroyed and wanted them to leave.

At approximately 1045 hours, Deputy Clark arrived at 736 Bettes Ave with the home owner, Angela Hays. Deputy Clark and Angela Hays knocked on the front door and entered the home. Deputy Clark explained to the people inside the home that Mrs. Hays did not want them to live in the home and also did not give them permission to be in the home. Mrs. Hays and Ms. Fletcher had a conversation about leaving the home. They decided on a time and date when Ms. Fletcher had to leave the property. Mrs. Hays agreed to give Ms. Fletcher until 800 PM that night. I asked Deputy Clark if she served Ms. Fletcher any papers from the court. Deputy Clark said, "I did not". I asked Deputy Clark if she knew who gave Ms. Fletcher a 72-hour eviction notice. Deputy Clark said approximately two weeks ago Angela's sister who lived Mansfield, Ohio, drove up and gave Ms. Fletcher the 72-hour notice.

Deputy Clark and Mrs. Hays have been friends since grade school. Mrs. Hays contacted Deputy Clark while she was in Arizona and told Deputy Clark that Ms. Fletcher was not permitted to live in the house. Deputy Clark was unsure how long Ms. Fletcher was living in the house. I asked Deputy Clark if Ms. Fletcher committed a crime such as Breaking and Entering into the home. Deputy Clark said Angela's nephew, Eli Vasil was permitted to stay in the house but eventually moved out of the home. Deputy Clark didn't know what Mr. Vasil and Ms. Fletcher discussed about her staying in the home. Deputy Clark talked to Eli Vasil and he also asked Ms. Fletcher to leave the home which she refused to do. Deputy Clark was unsure if Mr. Vasil gave Ms. Fletcher a key to the home or what other arrangements were made for her to live in the home.

BY _____  DATE _____

001557

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO.:
SUBJECT:  Deputy Stacy Clark

Mrs. Hays told Deputy Clark that she did not give permission for Ms. Fletcher to live there and also her nephew, Eli Vasil had no right to let Ms. Fletcher live in the home.  Deputy Clark said Mrs. Hays in going through a foreclosure process and was concerned about damage to the home and wanted Ms. Fletcher out of the home.

I asked Deputy Clark if she was acting under the official capacity of the Summit County Sheriff's Office. Deputy Clark replied, "No". I asked Deputy Clark if she was in the uniform of the day and driving a Summit County Sheriff's Office marked unit. Deputy Clark said, "Yes". I asked Deputy Clark when she knocked on the front door did Ms. Fletcher let her in the home. Deputy Clark replied, "Yes". I asked Deputy Clark after she entered the home what did she do next. Deputy Clark just sat there while Mrs. Hays told Ms. Fletcher she didn't give her permission to live here and she needed to leave. Deputy Clark said there were also three other people in the home and that Mrs. Hays didn't know who they were and why they were there. They also were not permitted to live there. Deputy Clark said Mrs. Hays was scarred because it was alleged that Ms. Fletcher's boyfriend had a warrant out of Cleveland, Ohio, for Kidnapping and he might have been staying at the home.

I asked Deputy Clark if she walked around inside of the home. Deputy Clark and Mrs. Hays walked around the home and walked down to the basement. I asked Deputy Clark since Ms. Fletcher was served with a 72-hour notice for eviction and since she used to work in the Civil Division, I asked her to explain to me what would happen next. Deputy Clark said she didn't know what would happen next. Deputy Clark said, "There is a difference between an eviction and a foreclosure. They were two different things". I asked Deputy Clark if I wasn't mistaken to evict someone from a residence, doesn't there have to be some type of paperwork from the courts. Deputy Clark said, "If it was an eviction and there was no type of lease agreement with those people, then their considered squatters and not allowed to be in her home. Mrs. Hays didn't give them permission to be in the house and they were in there destroying the house". I advised Deputy Clark that I saw a text message on Ms. Fletcher's cell phone giving her permission to live in the house from Mrs. Hays'. Deputy Clark was unaware of that. I also told Deputy Clark that Ms. Fletcher had some of the utility bills switched to her name and was she also aware of that. Deputy Clark said Ms. Fletcher had told Mrs. Hays she put the electric bill in her name and also told Ms. Hays she couldn't kick her out of the home since the utilities were in her name. Mrs. Hays then told Ms. Fletcher she was not permitted to put any utilities in her name.

BY _____ DATE _____

001558

CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

Mrs. Hays told Deputy Clark that she checked with the utility companies and there was nothing in Ms. Fletcher's name for 736 Bettes Ave. I told Deputy Clark that Ms. Fletcher showed me this month's electric bill and it was in her name. Deputy Clark said, "I'm bad and Angela told me that it wasn't in her name". I asked Deputy Clark since she mentioned squatters, was she was 100% sure she knew what to do to evict a squatter from a home. Deputy Clark said, "No I don't".  I asked Deputy Clark if she assumed she could evict Ms. Fletcher with a 72-hour notice from the home without knowing all the facts. Deputy Clark said, "Yes". I asked Deputy Clark if she acted only on what information Mrs. Hays gave her to evict Ms. Fletcher. Deputy Clark said, "Yes". I told Deputy Clark that Ms. Fletcher was worried that when she was at work tonight that you and Mrs. Hays would go over to the house tonight after 800 PM and throw all her personal belongs on the curb. Deputy Clark said she had no plans on doing that and didn't know if Mrs. Hays would be there tonight.

I asked Deputy Clark if she was working yesterday, and are her working hours 8:00 AM to 4:00 PM, Deputy Clark answered yes to both questions. Deputy Clark left work around 10:30 in the morning and drove to Bettes Ave. I asked Deputy Clark if she asked a supervisor she could leave work. Deputy Clark said "No I did not". Deputy Clark said she does leave work to go downtown, to doctor's appointments and is allowed to go home for lunch and has on some occasions gone to lunch with employees and supervisors from work. I asked Deputy Clark if she needed permission to leave, and who does she get permission from. Deputy Clark said she doesn't need permission to leave. I asked her since she left yesterday at 10:30 in the morning didn't she think she needed to notify a supervisor. Deputy Clark said, "No".

I asked Deputy Clark regarding the eviction incident she was on yesterday was it something she would normally do for the MRDD Board. Deputy Clark said, "No". Deputy Clark said this was something extra and did it during her lunch time. Deputy Clark was allowed to take a lunch, but normally doesn't take a lunch. If she does decide to take a lunch she goes home or goes downtown. I asked her since she was to provide security at the MRDD Board and since she left to do an eviction, who provided security for the properties while she was gone. Deputy Clark said when she left the property "They" didn't send some one up there to replace her.  She said for an example when she reported off work last week there wasn't enough staffing to replace her. She said there were holidays that they worked and she didn't work, and when that happened they didn't replace her with anyone. Deputy Clark said Lieutenant Kandy Fatheree said it was okay for her to come downtown, to do appointments and to take a lunch. I asked her then it was okay for her to leave anytime she wanted. Deputy Clark said, "Yes and I wasn't told anything different. I don't leave for an eight hour shift or anything else but yes I could".

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

I asked Deputy Clark if she attended a Crime Scene meeting this week. Deputy Clark said she stopped down for the meeting. I asked her if anyone told her to attend the meeting. Deputy Clark said, "No it was a monthly meeting". I asked Deputy Clark if she was told she was not to attend the meeting. She said, "No". I asked Deputy Clark if she remembered being told by a supervisor she was not permitted to attend the meeting. Deputy Clark said, "No". She said when she was supposed to go to a four training seminar in Richfield, Ohio; she either told or emailed Lt. Fatheree her about the training. Lieutenant Fatheree told her she couldn't get her relieved so she couldn't go to the training. She said to make a long story short they eventually were able to get her relieved to go to the training.

I asked Deputy Clark if she told Ms. Fletcher she had 72-hours to vacate the property. Deputy Clark said no it was Angela Hays. I asked Deputy Clark if she saw the 72-hour eviction notice. Deputy Clark said, "No, I did not". Deputy Clark said she was not trying to evict Ms. Fletcher. She only went there because Angela was scared. I asked Deputy Clark why didn't Angela call the City of Akron Police Department. She said because Akron took a while to respond to things and because Angela was returning back to Arizona. I asked Deputy Clark if Angela wasn't such a good friend, and she came up to you and told you she had squatters living in her home and wanted you to evict them, would you evict them. Deputy Clark said, "No".  I asked Deputy Clark if she only did this because Angela was her friend. Deputy Clark said, "Yes". Lieutenant Limbert asked Deputy Clark if she said anything to Ms. Fletcher. Deputy Clark said Ms. Fletcher was yelling and asked her to calm down. She also told Ms. Fletcher that Angela didn't want her here because she is the home owner and she couldn't "Squat" in some ones home. I asked Deputy Clark if Ms. Fletcher told her and Angela that she had another place and needed the weekend to move out. Deputy Clark said, "Yes and they were talking about it while they were there". Angela told Deputy Clark that "This Chick lies constantly and is basically a social path". Deputy Clark said Ms. Fletcher has a place to stay and was going to be out this weekend. When they went over to talk to Ms. Fletcher, she told Angela and Deputy Clark she didn't have the money to move out. She had a place but didn't have the $500.00 dollars for the rent. Deputy Clark asked Mr. Fletcher how long it was going to take for her to move out. Ms. Fletcher replied she didn't know. I told Deputy Clark to contact Angela and tell her she needed to go through the court process to have her evicted because I believed she didn't have the legal right to throw her out of the home. I also told Deputy Clark not to go back over to the home and not get involved. **This concluded the interview.**

BY _____ DATE _____

001560

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

**On April 08, 2013,** at approximately 1030 hours, I met and interviewed Mr. Tom Jacobs, Director of Operations, County of Summit DD Board. **Mr. Jacobs provided the following information.**

### INTERVIEW:

Mr. Thomas Jacobs
Director of Operations
Summit DD Board
89 East Howe Road
Tallmadge, Ohio 44278
330-634-8722

I told Mr. Jacobs that this interview would be tape recorded. I asked Mr. Jacobs if he knew Deputy Stacy Clark. Mr. Jacobs said Deputy Clark was the deputy who patrols the facilities through a contract with the Summit County Sheriff's Office. Deputy Clark job responsibilities are to provide security for the buildings. She is required to patrol the 36 entrances to the buildings and drive around the properties in a marked sheriff's vehicle to make sure no unauthorized individuals enter the buildings. Deputy Clark on occasions also patrols the inside of the buildings. Mr. Thomas was unaware if Deputy Clark has ever removed anyone from the properties that wasn't permitted to be there. If there was ever an incident where someone such as a disgruntled employee or a disgruntled guest then they would ask for Deputy Clarks assistance.

I asked Mr. Jacobs since he telephoned Mr. Randy Briggs from the Summit County Sheriff's Office and expressed concerns about her work performance, what were the concerns he have. Mr. Jacobs was informed Deputy Clark was leaving the property without his knowledge.  Deputy Clark reported to him but since he has other full-time job responsibilities he can not monitor her on a daily basis. Deputy Clark was supposed to email him when she left the property for any reason. Deputy Clark hasn't always done that. If she had left the property without a prior email he wasn't aware of it. Mr. Jacobs has received a couple of emails from Deputy Clark asking for time off work. He remembered one incident that it involved her ex-husband who was allegedly beating their son and needed time off. Mr. Jacobs said he would provide me all of the emails he had received from Deputy Clark requesting time off. I asked Mr. Jacobs when Deputy Clark requested time off, was there someone at the facility to replace her.

BY _____  DATE _____

001561

## CONFIDENTIAL INVESTIGATION - CONTINUED

**INCIDENT REPORT NO. :**
**SUBJECT:**  Deputy Stacy Clark

When Deputy Clark wasn't at work, Mr. Jacobs asked for a replacement for her. Sometimes he got a replacement and sometimes he did not. I asked Mr. Jacobs since Deputy Clark was to notify him every time she left the property, who she was supposed to notify when he wasn't there. Deputy Clark certainly could have emailed him or told his Assistant Director Denise Thrasher. I asked Mr. Jacobs if Ms. Thrasher had ever received and email form Deputy Clark regarding wanting time off from work. Mr. Jacobs said he didn't know.

I asked Mr. Jacobs why he called Mr. Briggs asking him to have Deputy Clark replaced. Mr. Jacobs believed when he received a telephone call from Mr. Briggs. Mr. Briggs told him Deputy Clark had been at some investigative meetings off this site and wanted to know if he was aware of it. Mr. Jacobs told Mr. Briggs he was not aware of it. Mr. Briggs also asked Mr. Jacobs if he thought Deputy Clark was doing a decent job. Mr. Jacobs told Mr. Briggs he had a lot of reservations about her because she liked to bring in some drama to the workplace. She also liked to talk to some of the employees and has gotten into some problems because it was not her roll to investigate employee issues with this agency. Deputy Clark should have referred them to the Human Resources Department. Deputy Clark has gotten in the middle of two individuals before and he had to tell Deputy Clark it was not her role. Her role was to monitor the visitors and the unauthorized people entering the building not the people that who are authorized to be in the building. I asked Mr. Jacobs if these problems with Deputy Clark have been going on for some time. Mr. Jacobs said he hasn't discussed the issues with Mr. Briggs. The problems with Deputy Clark have been discussed internally with the superintendent of this building regarding Deputy Clark going outside her roles of responsibilities such as employee to employee interactions that should have been referred to the Human Resources Department. They have never had an officer before getting involved with this and didn't expect they would now.

I asked Mr. Jacobs if he has ever talked to Deputy Clark about her leaving the building without your permission. Mr. Jacobs said he was going to talk to her about it but decided to call Randy Briggs first before he said anything. Mr. Jacobs called Mr. Briggs last Friday morning and discussed the issues with him and was told not to meet with her. I told Mr. Jacobs that Deputy Clark was involved in an incident on last Thursday morning at approximately 9:30 AM in Akron, Ohio, that involved an eviction problem with a friend of hers who owned the property. I asked Mr. Jacobs if Deputy Clark needed permission to leave the building and did he tell Deputy Clark she needed permission. Mr. Jacobs said "Absolutely". And if Deputy Clark needed to leave the property for any reason she was to email or verbally tell you or Ms. Thrasher, is this correct. Mr. Jacobs said, "Correct".

BY _____ DATE _____

001562

## CONFIDENTIAL INVESTIGATION - CONTINUED

**INCIDENT REPORT NO. :**
**SUBJECT:** Deputy Stacy Clark

I asked Mr. Jacobs how many times did Deputy Clark leave the premises, and when did he become aware of it. Mr. Jacobs didn't know. Occasionally she would drive by his window and would see her. Mr. Jacobs said he shouldn't assume, but if he saw the sheriff's vehicle out front where she parked it or her personal vehicle then he assumed she was here. Mr. Jacobs said that he just found out last Friday that Deputy Clark ran her cruiser into an overhead door on the property causing an estimated $600.00 to $800.00 worth of damage to the door. Mr. Jacobs was told that Deputy Clark's foot had slipped of the break. Mr. Jacobs told Ms. Thrasher to have Deputy Clark fill out an accident report. Ms. Thrasher also told Mr. Jacobs that Deputy Clark had already notified her supervisor. I asked Mr. Jacobs if he could get me all the information regarding the accident. He said he would.

I asked Mr. Jacobs if he has heard any complaints from other employees who work in the building regarding Deputy Clark. Mr. Jacobs said yes, quite a bit since she was getting involved in their business more then she should have. Mr. Jacobs knew of an incident involving an employee and Deputy Clark. Deputy Clark went to the employees home an arrested him. I asked Mr. Jacobs if he knew why the employee was arrested. Mr. Jacobs he believed it was some type of Domestic Violence incident. Mr. Jacobs didn't know who gave Deputy Clark the authorization to leave the property to arrest the guy but she did. Also, Mr. Jacobs had no information about Deputy Clark leaving the property to go to an eviction. Mr. Jacobs said Deputy Clark had no permission from this agency to go and do that kind of stuff. Mr. Jacobs gave another example of what Deputy Clark has done. Mr. Jacobs said not last month but the month before Deputy Clark attended the DD Board Meeting. Her job was to secure the building and to make sure that anyone who attended the meeting was allowed in the building and signed in. Mr. Jacobs was in the board meeting and noticed Deputy Clark sitting in the board room talking to people and eating snacks when she should have been guarding the entrance to the board room. He noticed people came into the board meeting that weren't properly checked in. After the board meeting he had a confirtation with her in regards to her behavior. Mr. Jacobs told Deputy Clark that her behavior was unacceptable and she had no right to be in the board meeting and her job was to guard the door and check in people with their identification and badges. Mr. Jacobs said Deputy Clark has attended a couple of board meeting before but there were no people entering the room, it was just the board members. Mr. Jacobs added this was not what they hired the deputy to do. Deputy Clark seemed to be interested in the agency more so then what her role required. **This concluded the interview.**

001563

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

I asked Mr. Jacobs if I could speak with his Assistant Director Denise Thrasher. I asked Ms. Thrasher if she had any issues with her interview being tape recorded. Ms. Thrasher said she did not. I asked Ms. Thrasher if she knew Deputy Stacy Clark. She said yes. I asked Ms. Thrasher if she had any issues with her. Ms. Thrasher said the only issue she had with Deputy Clark is when she wrecked the overhead door. Ms. Thrasher hasn't received or heard any complaints about Deputy Clark. I asked her if Deputy Clark had ever emailed or verbally asked her for time off when Mr. Jacobs wasn't here. Ms. Thrasher said no. The only conversation she has had with Deputy Clark regarding time off was today. Deputy Clark told her she working downtown today and would be taking time off next week. **This concluded the interview.**

**On April 08, 2013,** at approximately 1315 hours, I met and interviewed Lieutenant Kandy Fatheree from the Summit County Sheriffs Office Civil Division. **Lieutenant Fatheree provided the following information.**

Lieutenant Kandy Fatheree
Court Services Commander
Summit County Sheriff's Office
53 University Ave
Akron, Ohio 44308
330-643-2181

I advised Lieutenant Fatheree of the complaint filed against Deputy Stacy Clark. I asked her if she was aware that Deputy Clark left her post on April 04, 2013 to help a friend with an eviction in the City Akron, Ohio. Lieutenant Fatheree said, "I wasn't aware of it". I asked her if she was also aware that Deputy Clark was involved in an on duty accident at the MRDD building on Howe Road on March 01, 2013. Lieutenant Fatheree said, "No". I asked Lieutenant Fatheree if she was aware that Deputy Clark was leaving her post. Lieutenant Fatheree said Deputy Clark was never permitted to leave her post. The only time she was allowed to leave her post was if she was sick or had the leave pre-approved. Deputy Clark is to provide security for the buildings and is required to stay on the grounds to make security rounds and check doors. Deputy Clark does not get a lunch hour. Lieutenant Fatheree told Deputy Clark she was not to leave her post to attend Crime Scene Meetings or respond to any call-outs for the Crime Scene Unit during her normal hours of work. **This concluded the interview.**

BY _____ DATE_____

001564

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

**On April 16, 2013,** at approximately 1330 hours, I met and interviewed Sergeant Gerone French. Sergeant French provided the following information.

Sergeant Gerone French
Supervisor
Court Services
Summit County Sheriff's Office
53 University Ave
Akron, Ohio 44308
330-643-2181

I asked Sergeant French if he was aware that Deputy Clark was involved in an on duty traffic accident at the MRDD Board in Tallmadge, Ohio. Sergeant French said he was notified by her on March 01, 2013. Deputy Clark told him she backed into a door at the facility but there wasn't any damage. Sergeant French told her she was still required to do the proper paper work regarding her crash and needed to send it to him right away. Sergeant French said as of today he hasn't received any paperwork from her.

I asked Sergeant French if he as ever given permission to Deputy Clark to take time off work and to leave the property. Sergeant French said "No". **This concluded the interview.**

**On April 16, 2013,** at approximately 0800 hours, I met and re-interviewed Deputy Stacy Clark. Also present for the interview was F.O.P. #139 Representative Deputy Greg Taylor. Deputy Clark provided the following information.

**INTREVIEW:**

Deputy Stacy Clark
53 University Ave
Akron, Ohio 44308
330-643-2181

I advised Deputy Clark that I had a couple of follow up questions to ask her. She was also advised she was still under Garrity.

I asked Deputy Clark if she took Angel Hays to 736 Bettes Ave on April 04, 2013. Deputy Clark said "No, I met her there".

BY _____ DATE_____

001565

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

I asked Deputy Clark about her traffic accident at the MRDD Board. Deputy Clark pulled up to the door and stopped. She said it was either snowing or raining that day and her foot slipped off the break. The car then rolled into the garage door and caused a dent to the door. After the accident she notified Sergeant Gerone French and told him she rolled into the garage door. She told Sergeant French that there was damage to the door but there wasn't any damage to the vehicle. Sergeant French told her that she needed to document the incident.

Deputy Clark failed to notify Summit County Sheriffs Office Dispatch or do a required confidential. She also failed to notify the proper authorities to do a traffic accident report and take photographs. Deputy Clark talked to Denise Thrasher and asked her what type of report she needed to do. Ms. Thrasher told her she didn't have to do anything and they would take care of it. **This concluded the interview.**

**On April 30, 2013,** at approximately 0900 hours, I met and interviewed Deputy Stacy Clark in my office on the 4th floor of the Summit County Sheriff's Office. Also present for the interview was F.O.P. #139 Representative Deputy Steve Kendrick. Deputy Clark provided the following information:

### INTREVIEW:

Deputy Stacy Clark
53 University Ave
Akron, Ohio 44308
330-643-2181

I told Deputy Clark that I had several follow up questions from her previous interviews. I also advised her and Deputy Kendrick she was still under Garrity.

I asked Deputy Clark if she remembered her accident she was involved in at the MRDD Board on March 01, 2013. I asked Deputy Clark if she remembered that she said she documented the accident and what type of documentation did she do. Deputy Clark said documented the date when the accident occurred. She either wrote it down on a piece of paper or a calendar or something at work, she also "pulled up" the video at work. She doesn't know what happened to the paper she wrote it on but it might still be at the MRDD Board.

BY _____ DATE_____

001566

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

I asked Deputy Clark if she ever told Mr. Jacobs she needed to leave work because your Ex-husband Eddie Awajee was beating your son. Deputy Clark said no, and never spoke to Mr. Jacobs about the incident.  She said "I never told anyone about it because it happened during spring break". Their son Samuel, who is Autistic doesn't have a good relationship with his dad, and she doesn't want to get Ed in trouble. She wanted to know if she was going to get him in trouble. I told her just to continue about the incident.

On March 25, 2013, Deputy Clark had a doctor's appointment after work in the City of Green, Ohio. As she drove to her appointment she was telephoned by her ex-husband Ed Ahwajee. Ed told her that their kids wanted to spend the night with him. Their middle son Samuel who is Autistic doesn't want to be with his dad. Samuel was already having anxiety and "Melt downs", issues because he was going to his dad's. Deputy Clark said she knew it was going to be bad. Deputy Clark went to her appointment and during her exam her telephone rang but she didn't answer it. After her appointment she noticed she had a voice mail on her telephone. She opened her voice mail and saw she had a message from Ed Ahwajee. Ed told her that he was at Children's Hospital because Samuel had another "Melt Down". She left the doctors and drove to the hospital.

After Deputy Clark arrived at the hospital she went and talked to a nurse. The nurse told her they just brought him over to the Behavior Health Section. While she was talking to the nurse Ed AHwajee came out of the room. Deputy Clark told Ed to stay away from her. Ed told her not to make this a custody issue. She walked away from him and went into Samuels Room. **The following statements made during this interview by Deputy Clark will not be included in this confidential because of the alleged abuse she said was committed by Ed Awajee and because of the on going investigation by the Children's Service Board. Her statements were still recorded but will not be in this confidential.**

I asked Deputy Clark if she told Mr. Tom Jacobs about this incident. Deputy Clark said; no because she reported off from work. She talked to Denise Thrasher and told her the reason she called off work was because of the incident with Ed. Deputy Clark said she emailed Mr. Jacobs and apologized to him about not getting someone to replace her.

I asked Deputy Clark on March 28th and 29th 2013, what appointments she had on those dates. She had a dentist appointment on the 28th and the 29th was an appointment with Samuel' doctor. Deputy Clark left both days but couldn't remember what time she left. I asked Deputy Clark if she notified any of her supervisors that she was taking time off on those days. Deputy Clark said she talked to Sergeant Gerone French on the telephone the Friday of the previous week. Deputy Clark said she had submitted requests off for those two days but was denied the time off.

Page 15 of 25                          BY _____ DATE_____

001567

## CONFIDENTIAL INVESTIGATION - CONTINUED

**INCIDENT REPORT NO. :**
**SUBJECT:  Deputy Stacy Clark**

She was concerned the kids where going with their dad and because Ed was working on Thursdays and Fridays and she need those days off so she could be home with the kids during spring break. She said when she talked to Sergeant French requesting the time off, Sergeant French told her she could probably have the half day off on Friday the 29th.

I asked Deputy Clark if she submitted any Application for Leave Forms after she took the time off. Deputy Clark said, "No, I didn't fill out those forms".

I asked Deputy Clark if she remembered during the end of her first interview that I told her she was to not discuss this case with anyone. Deputy Clark said, "Yes". And have you talked to anyone about this case. Deputy Clark said, "Yes". Deputy Clark said she talked to Angela; another friend named Angela, Denise Thrasher but didn't get into the specifics. I asked her if she talked to Sergeant Cummings about this case. Deputy Clark said, "Yea I did". I asked Deputy Clark what did she and Sergeant Cummings talk about. She told Sergeant Cummings, "Didn't I tell you there was damage done to the door". Sergeant Cummings said, yea. **This concluded the interview.**

After reviewing all evidence and interviews, I did find that Deputy Clark, through her own admissions, was in violation of the following Rules and Regulations and policy and Procedures of the Summit County Sheriff's Office:

### RULES and REGULATIONS - Policy and Procedures.

**On March 01, 2013,** Deputy Clark was involved in a private property accident at the MRDD Board located at 86 Howe Road in the City of Tallmadge, Ohio. Deputy Clark drove a Summit County Sheriff's Office Patrol Vehicle into an overhead door at the property causing an estimated $600.00 to $800.00 dollars worth of damage to the door. Also Deputy Clark failed to notify the Summit County Sheriff's Office Dispatching Center to report her accident as required by policy. Deputy Clark was asked by her Supervisor Sergeant Jerome French to submit all paper work required resulting in the crash. As of April 18, 2013, Deputy Clark has not submitted her paperwork. Sergeant French said we was informed of the accident by Deputy Clark but was told by her there was no property damage resulting from her accident.

001568

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT: Deputy Stacy Clark

**Summit County Sheriff's office rules and Regulations Chapter 9: Office Property 9-4 Reporting of Accidents involving Sheriff's Personnel** which states Accidents while on duty involving Sheriff's Office personnel or property must be reported in accordance with adopted Policy and procedures (G-1:7.1) A violation of this section is a minor offense of the third degree.

**Procedure;**

1-A states: Upon any Sheriff's Office Vehicle in a traffic crash the following shall occur.

   A. Any employee involved in a traffic crash involving a sheriff's office vehicle, which results in damage or injury, however slight, shall immediately:

   1. Notify Summit County Dispatch.
   2. Notify his/her immediate Supervisor.
   3. Complete all required reports.

**D. Reports**

   1. All sheriffs office personnel involved in or a witnessing the accident shall submit a confidential report describing the circumstances of the accident or damage.

   a. The report shall be completed prior to the end of the employee's shift.

**Deputy Clark also violated Summit County Sheriff's Office Rules and regulations Chapter 6 Section 6-6 Submitting Reports** which states, deputies/ Employees shall submit all reports required in the performance of their duties a. prior to completing their tour of duty or c. As directed by their supervisor. A violation of this section is a minor offense of the third degree.

**On April 04, 2013** at approximately 1030 hours, Deputy Clark arrived at 736 Bettes Ave in the City of Akron, Ohio to assist with the home owner Angela Hays regarding an eviction. In her interview Deputy Clark first said she went to the address and sat in a chair while Angela Hays was trying to evict squatters from the home. During her interview Deputy Clark stated she told Ms. Fletcher that Angela didn't want her here because she is the home owner. She told Ms. Fletcher she couldn't squat in some ones home.

BY _____        DATE_____

001569

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

**Deputy Clark appeared to violate the Summit County Sheriff's Office Rules and Regulations 8-7-0 Prohibited Conduct:** No deputy will conduct themselves in such a manner as to reflect unfavorably on the Sheriff's Office. Deputies shall not perform any acts or make any statements oral or written, for publication or otherwise, which tend to bring the Sheriff's Office or its administration into disrepute or ridicule; or which destructively criticizes the Sheriff's Office or its administration in the performance of their official duties; or which tend to disrupt or impair the performance of the deputy of this office; or which tend to interfere with or subvert the reasonable supervision of proper discipline of the deputies of the Sheriff's Office and any other conduct unbecoming a deputy of the Sheriff's Office. **This violation is a Major Offense of the 2nd degree.**

**Deputy Clark appeared to violate the Summit County Sheriff's Office Rules and Regulations 8-4-b Competency in Performance of Duty:** Inability to perform the duties of a deputy sheriff by reason of lack of knowledge of the laws of the United States, the State of Ohio, Ordinances of Summit County and local ordinances, Policies and Procedures and Rules and Regulations of the sheriff's office. **A violation of the sub-section is a minor offense of the first degree.**

**On April 04, 2013** at approximately 1030 hours, Deputy Clark left her post at the MRDD Board property to help a friend Angela Hays, with an evection located at 736 Bettes Ave in the City of Akron, Ohio. During her interview I asked Deputy Clark if she was working yesterday, and are her working hours 8:00 AM to 4:00 PM, Deputy Clark answered yes to both questions. Deputy Clark left work around 10:30 in the morning and drove to Bettes Ave. I asked Deputy Clark if she asked a supervisor she could leave work. Deputy Clark said "No I did not".

**Deputy Clark appeared to violate the Summit County Sheriff's Office Rules and Regulations 12-4 Early Relief from Duty:** Deputies/employees seeking early relief from duty because of personal reasons shall contact their supervisor and request early relief. Deputies shall not leave their assignment until permission has been given to do except in cases of emergency illness. **A violation of this section is a minor offense of the third degree.**

**On April 24, 2013,** Lieutenant Kandy Fatheree submitted a confidential to Major Brad Whitfield reference Deputy Stacy Clark. In her confidential she reviewed the documentation and compared it to her activities in her job description and concluded that Deputy Clark has a combination of approved and unapproved activities.

Page 18 of 25                    BY _____ DATE_____

001570

## CONFIDENTIAL INVESTIGATION - CONTINUED

**INCIDENT REPORT NO. :**
**SUBJECT:** Deputy Stacy Clark

**This is a copy of her confidential**

**SYPNOSIS:**
On April 24, 2013 I was requested by Randy Briggs and Major Whitfield to review and confirm documentation concerning activities of Deputy Stacy Clark while working the Summit Developmental Disabilities Board.  I reviewed the documentation and compared it to the activities in her job description and concluded that Deputy Clark has a combination of approved and unapproved activities.

**ACTION TAKEN:**
On April 24, 2013 I was requested by Randy Briggs and Major Whitfield to review and confirm documentation concerning activities of Deputy Stacy Clark.

- I received a copy of a letter written by Tom Jacobs Director of Operations/SHDC advising that Summit DD will no longer need the services of Deputy Stacy Clark. Mr. Jacobs sited 4 specific reasons he made this decision.

- Mr. Jacobs attached copies of 8 (eight) e-mails from Deputy Stacy Clark. I am requested to follow up on these e-mails and advise my findings.
    - April 2, 2013 subject: Training
        - Deputy Clark is asking Tom Jacobs about attending Active Shooter Training with Tallmadge Police Department. Deputy Clark advised in the message that she had not discussed this possibility with her Supervisor.
        - Deputy Clark did not discuss this with Sgt French, Sgt. Cummings or I.

    - March 28,2013 subject: Appointment
        - Deputy Clark advised Tom Jacobs that she would have appointments Thursday and Friday March 28 and 29, 2013.
        - I spoke to Sgt French who advised he was not made aware of any Appointments by Deputy Clark. He is aware that he has to replace her when she is not at the DD Facility and he advised he did not replace her.
        - I checked training requests and attendance records. There are no records to confirm any approved leave for Deputy Clark on March 28 and 29, 2013.
        - I checked attendance records and there is no personal time used for any appointments on March 28 and 29, 2013.
        - Deputy Clark has no duties that would require her to make appointments. Her work assignment was to remain at the DD Facilities and provide security.

BY _____ DATE_____

001571

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

o  March 15, 2013 subject: Appointment
- Deputy Clark advised Tom Jacobs that she had an appointment for Wednesday March 20, 2013.
- She did not advise either Sgt. French or I.
- Sgt French was the acting Supervisor as I was on vacation and he was not aware that Deputy Clark would not be at the DD Facility therefore he did not schedule anyone to replace her.

- I checked attendance records and there is a record of 1 hour FMLA on her time slip, however there is no leave form for 1 hour FMLA on March 20, 2013.

o  March 8, 2013 Subject: Today
- Deputy Clark advised Tom Jacobs at 09:00 AM that she would only be working half a day due to her son having strep throat.
- She did not submit a sick leave form for 3 hours sick leave however she completed her time slip with 3 hours sick leave usage.
- Sgt French advised he did not replace her at the DD facility.

o  February 25, 2013 subject: Wednesday
- Deputy Clark is notifying Tom Jacobs of her subpoena for Trial in Stow Municipal Court for Wednesday February 27, 2013 at 08:30 AM in front of Judge Kim Hoover
- Tom asks about the number of days the Trial will last. Deputy Clark advises not more than a day.
- I advised Deputy Clark by phone that the Trial was cancelled and she would not be needed on February 27, 2013. An order from the prosecutor was forwarded to Deputy Clark advising the same.
- I reviewed the Stow Court Docket and defendant Ronald France did plead guilty to disorderly conduct on February 27, 2013 in front of Judge Hoover.

o  January 7, 2013 subject: Reminder
- Deputy Clark advised Tom Jacobs that she would have to leave to be sworn in.
- Deputy Clark was requested to go to the Jail Training room to be sworn in by new Sheriff Barry by her supervisor.

BY _____    DATE_____

001572

## CONFIDENTIAL INVESTIGATION - CONTINUED

**INCIDENT REPORT NO. :**
**SUBJECT:** Deputy Stacy Clark

- o November 26, 2012 subject: appt
  - Deputy Clark advised Tom Jacobs of appointments for November 26 and November 28, 2013.
  - I reviewed the attendance records for Deputy Stacy Clark and she did use FMLA sick leave both days.

- o November 16, 2012 subject: Doctor appointment
  - Deputy Clark is advising Tom Jacobs that she has a Doctors Appointment on 10/17/2012 in the morning.
  - I reviewed her attendance records and she submitted for 2 hours FMLA sick leave.

- Deputy Stacy Clark was awarded posting 2012-12 Deputy Sheriff/Court Services Summit Developmental Disabilities Board to commence Monday October 8, 2012.
  - o Monday October 8, 2012 was Columbus Day and Deputy Clark had the day off.

- On Tuesday October 9, 2012, Tom Jacobs (Director of Operations) County of Summit Developmental Disabilities Board, Randy Briggs, Deputy Stacy Clark and I met at the DD Board facility located at 89 E. Howe Road, Tallmadge, Ohio 44278.

- . Tom Jacobs described his expectations and terms of the position:

  - Shift 08:00-16:00 hours Monday – Friday

  - Deputy will provide security to the complex
    - o Sheriffs Cruiser:
      - Cruiser will remain at the DD Complex.
      - Cruiser will be parked overnight and weekends in the Bus Garage on site.
      - Deputy will pick up the cruiser at the beginning of shift from the garage.
      - Deputy will conduct periodic patrol of the parking lots in the complex.
      - Deputy will park the cruiser in front of the main office when not patrolling.
      - Deputy will return the cruiser to the bus Garage at the end of shift.

    - o Deputy will patrol the interior of all buildings on the complex grounds.
      - Deputy will check employee badges.
      - Deputy will check visitor badges.

Page 21 of 25                    BY _____ DATE_____

001573

## CONFIDENTIAL INVESTIGATION - CONTINUED

### INCIDENT REPORT NO. :
### SUBJECT:  Deputy Stacy Clark

- Deputy will be highly visible.

o Deputy will hand check all exterior doors in all buildings.
  - 32 doors are to be secured at all times.
  - Security check a minimum of 3 (three) times per day.
  - Notify Tom Jacobs via e-mail in the event a door is found unsecured.

o Deputy will be provided a Station at the front entrance of the administration building.
  - Deputy will become familiar with the Policy & Procedure's of the DD Board Complex.
  - Deputy will be provided access to the DD network.
  - Deputy will be provided a computer for departmental use.
  - Deputy will be provided a Departmental radio.

o Deputy will create a digital data file for all security threats.
  - Deputy will notify supervisors and Tom Jacobs of all threats to the facility or individuals.
  - Deputy will create a file on each threat to include incident reports, investigations and any other pertinent information.

o Deputy communication:
  - Deputy will contact Tom Jacobs at 330-634-8722
  - Deputy will be provided a cell phone for DD employees to contact when they need the Deputy.
  - Deputy will be provided a Summit County Radio.

o Leaving the DD Compound:
  - Deputy will sign in and out on form located at secretary's station out side of Tom Jacobs's office.
  - Deputy will contact Summit Radio on channel 1 to advise they are leaving the DD compound, what their destination or purpose and when they return to compound.
  - Deputy is permitted to drive Cruiser to local drive through restaurants to pick up their lunch and return to DD grounds.
  - Deputy will occasionally have to drive to the Court House or Sheriff Offices.

BY _____ DATE_____

001574

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

- o Deputy will provide security to the Board meetings on an approved overtime status included in DD contract.
  - Deputy is permitted to leave compound to obtain food between end of shift and beginning of meeting.
  - Deputy will provide security for the Board Meetings once per month from 16:30 to completion.
  - Deputy will be stationed at the main entrance door during check in and patrol the hallway between the main entrance door and the Administrative Board Room.
  - Deputy is to remain alert and respond to Board room in the event of an incident.
  - Deputy is not to remain in the meeting unless advised to do so by a Board Member.
  - Deputy will park the Cruiser in front of the building so it is visible to the public.
  - Deputy is to return cruiser to Bus Garage upon completion of Board meeting.

- o Deputy Coverage:
  - The Sheriff will use its best efforts to provide a "float Deputy" when Deputy Clark is absent.
  - For the period of October 9, 2012 through December 31, 2012, the Court Services Bureau will cover for pre approved vacation or sick leave when staffing permits.
  - Commencing January 1, 2013 Court Services will provide Deputy Coverage for all of Deputy Clark's pre approved leaves of absence.

**CONCLUSION:**
After review it appears Deputy Clark has not always submitted sick leave forms for her intermittent use however she has indicated the time on her time sheets.

Dates March 28 and 29, 2013 have no documentation for any leave. There was no approval given by Sgt. French or myself for Deputy Clark to be away from her post.

**Under her own admission Deputy Clark appeared to violate the Summit County Sheriff's Office Policy and Procedures 2.2.0. 1-J Personnel-Attendance-Reporting for Duty:** The employee shall complete a Sheriffs Office Application for Leave Form and submit all necessary documentation prior to the completion of his/her shift on the first day returning to work.

Page 23 of 25                          BY _____  DATE_____

001575

**CONFIDENTIAL INVESTIGATION - CONTINUED**

On March 28, 2013, Deputy Clark left work two hours early and did not work her entire shift. On March 29, 2013 Deputy Clark left four hours early and did not work her entire shift. She failed to submit the proper paper work and also failed to mark her time sheet that she took the time off. Her time sheet for that week reflects she worked eight hours on March 28, 2013 and eight hours on March 29, 2013.

**Under her own admission it appears Deputy Clark violated under the Summit County Sheriff's office Rules and Regulations Chapter 8 Sub section 8-2 D states:**

No deputy/employee of the sheriff's office shall make false official reports, or knowingly enter or cause to be entered in any sheriff's office book, record or report any inaccurate, false or improper official information or material. **A violation of this sub-section is a Major Offense of the third degree.**

**April 05, 2013,** at approximately 1330 hours, **at the end of her interview Deputy Clark was ordered not to discuss this case with anyone.**

**On April 30, 2013 approximately 0900 hours** I asked Deputy Clark if she remembered during the end of her first interview that I told her she was to not discuss this case with anyone and did she remember that. Deputy Clark said, "Yes". And have you talked to anyone about this case. Deputy Clark said, "Yes". Deputy Clark said she talked to Angela; another friend named Angela, Denise Thrasher but didn't get into the specifics. I asked her if she talked to Sergeant Cummings about this case. Deputy Clark said, "Yea I did". I asked her what she talked to Sergeant Cummings about She said to Sergeant Cummings, "Didn't I tell you there was damage done to the door". Sergeant Cummings said, yea

**Under her own admission it appears Deputy Clark violated under the Summit County Sheriff's office Rules and Regulations Chapter 6 Sub section 8-a respect for Supervisors/Subordinates which states:**

Deliberate refusal to obey a lawful order constitutes insubordination and is a **Major Offense of the second degree.**

| **Classification** | | | |
|---|---|---|---|
| **Major** | | | |
| 1st Degree | 30 days-dismissal | 60 days-dismissal | 90 days-dismissal |
| **Major** | | | |
| 2nd Degree | 10 days-dismissal | 30 days-dismissal | 60 days-dismissal |

BY _____ DATE _____

001576

**CONFIDENTIAL INVESTIGATION - CONTINUED**

INCIDENT REPORT NO. :
SUBJECT:  Deputy Stacy Clark

**Major**
3rd Degree          5 days-dismissal          10 days-dismissal          30 days-dismissal

**Minor**
1st Degree          3 days-15 days          7 days-60 days          30 days-90 days

**Minor**
2nd Degree          1 day- 10 days          3 days-30 days          7 days-60 days

**Minor**
3rd Degree          Written warning -          1 day-10 days          3 days-30 days
                              5 days

**Informal**          Written warning -          1 day-3 days          1 day-5 days
                              2 days

## EVIDENCE:

## PHYSICAL DESCRIPTIONS:

| Name: | | SSN: | |
|---|---|---|---|
| Address: | | Control : | |
| City: | State:    Zip: | FBI #: | |
| Phone: | | BCI #: | |
| Currently an Inmate At Summit County Jail | | Height: | Weight: |
| White / Male          Years of age | | Hair: | Eyes: |
| Date of Birth | | Glass: | Facial Hair: |

## VEHICLE DESCRIPTIONS:

## ATTACHMENTS\FOLLOW-UP REQUIRED:

Page 25 of 25                    BY _____ DATE_____

001577



# Sheriff Steve Barry

County of Summit • State of Ohio

## INTERNAL AFFAIRS INVESTIGATION/GARRITY WARNING

I, _Stacy Clark_ , understand:

I am being questioned as part of an official investigation by the
_Lt. Joseph L. Russo_ , on behalf of the

_Summit County Sheriffs Office;_

1. That I will be asked questions related to the performance of my official duties or my conduct as it affects my ability to perform my duties;
2. That I must truthfully and completely answer all questions presented to me and that failure to answer truthfully or completely will be the basis for charges of insubordination which may result in discipline, including dismissal;
3. That I am entitled to all the rights and privileges guaranteed by the Constitution of the United States and the laws of the State of Ohio, including the right to have legal counsel or a union representative present with me during this interview;
4. That any admissions made in the course of this interview may be used against me in relation to subsequent disciplinary charges or hearings;
5. That I am granted immunity and that neither my statements, nor any information or evidence gained by reason of this interview can be used against me in any subsequent criminal proceedings.
6. I, the undersigned employee, hereby acknowledge that I have been advised of my rights.

_[signature]_
**Employee Signature**

_April 5, 2013  1:15_
**Date and Time**

_[signature] #0304_
**Witness Signature**

_04/05/2013  1315_
**Date and Time**

_Lt. J.L. Russo_
**Witness Signature**

_4-05. 2013  1315_
**Date and Time**

Administration / Operations • 53 University Avenue • Akron, Ohio 44308-1679
Phone 330-643-2181 • Fax 330-434-2701
Summit County Jail • 205 East Crosier Street • Akron, Ohio 44311-2351
Phone 330-643-2171 • Fax 330-253-4138

001578

| DATE REC. 04-04-2013 | **SUMMIT COUNTY SHERIFF'S OFFICE** | PERSONNEL COMPLAINT |
| --- | --- | --- |
| TIME REC. 1300 | **PERSONNEL INCIDENT REPORT** **DREW ALEXANDER, SHERIFF** | FORM NUMBER 2013-16 |

| x ALLEGATIONS OF MISCONDUCT INQUIRY SUPERVISORY CONSULTATION | RECEIVED BY: x TELEPHONE    IN PERSON WRITTEN    OTHER _____ |
| --- | --- |

| REPORTING PARTY Joylene Fletcher | ADDRESS 736 Bettes Ave Akron, Ohio 44310 | TELEPHONE 330-842-7028 |
| --- | --- | --- |

| DATE OF OCCURRENCE 04-04-2013 | TIME OF OCCURRENCE 1130 | LOCATION OF OCCURRENCE 736 Bettes Ave Akron, Ohio 44310 |
| --- | --- | --- |

NARRATIVE OF ALLEGED OCCURRENCE

Ms. Fletcher stated on April 04, 2013 at approximately 1030 hours, Deputy Stacy Clark and Mrs. Angela Hays, the home owner, were at her residence to evict her from the home. Ms. Fletcher also stated that Deputy Clark and Angela Hays entered her home and walked through her home looking for damages and taking pictures. Ms. Fletcher stated that Deputy Clark overstepped her authority by entering and walking through her home without her permission, and then tried to evict her

| NAME OF PERSON INVOLVED Deputy Stacy Clark | ADDRESS 53 University Ave Akron, Ohio 44308 | TELEPHONE 330-643-2181 |
| --- | --- | --- |
| NAME OF PERSON INVOLVED | ADDRESS | TELEPHONE |
| NAME OF PERSON INVOLVED | ADDRESS | TELEPHONE |
| WITNESS | ADDRESS | TELEPHONE |
| WITNESS | ADDRESS | TELEPHONE |
| WITNESS | ADDRESS | TELEPHONE |

| CONFIDEENTIALS REQUESTED YES    NO | CONFIDENTIALS ATTACHED YES    NO | TAPES ATTACHED YES    NO |
| --- | --- | --- |

| INVESTIGATORY FINDINGS EXONERATED    NOT SUSTAINED UNFOUNDED    OTHER MISCONDUCT x SUSTAINED | DISCIPLINARY ACTION RECOMMENDED x YES NO |
| --- | --- |
| SIGNATURE OF INVESTIGATIVE PARTY *Lt. J L Rice* | SIGNATURE OF INVESTIGATOR'S SUPERVISION OR PCC |

001579

## NOTICE TO LEAVE PREMISES
### Ohio Revised Code Section 5321

To: _Joellen Fletcher, Felicia Robertson and Ms. Robertson's Brother, aka, Ms. Fletchers Boyfriend_
You must vacate the premises now in your possession situated in the county of

_Summit_____ in the State of Ohio, as described as

_736 Bettes Avenue   Akron  44310_____

together with the lot of land on which said is situated.

Grounds for eviction:

_harrassment of homeowners,_
_refusal to allow Quasi Manager access_
_blatant Refusal to properly maintain sump-pump_
_and refusal to properly clean up the aftermath_
_living rent free in the home and when asked_
_to leave, stated I would have to evict._

Your compliance with this notice on or before the day of _March 26_,
20_13_ , will prevent any legal measure being taken by me to obtain possession.
Even if you comply I am not waiving any claims for unpaid rent or any other
claims I may have.

Failure to comply may result in legal action to evict you and for judgment that
may include costs and attorney fees.

_Angela R Hays_
Signature

Dated this _22_ day of _March_____, 20_13_

---

**YOU ARE BEING ASKED TO LEAVE THE PREMISES. IF YOU
DO NOT LEAVE, AN EVICTION ACTION MAY BE INITIATED
AGAINST YOU. IF YOU ARE IN DOUBT REGARDING YOUR
LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS
RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE.**