**SUMMIT COUNTY SHERIFF'S OFFICE**
**NOTICE OF DISCIPLINARY ACTION**

**EMPLOYEE:** Stacey Clark   **JOB TITLE:** Deputy

**DIVISION/BUREAU:** Corrections   **DUTY STATION:** General Security

**DATE OFFENSE OCCURRED:** 10/17/2013   **DATE NOTICE ISSUED:** 12/04/2013

### TYPE OF MISCONDUCT

- ☒ ABSENCE WITHOUT LEAVE
- ☐ INCOMPETENCE
- ☐ INEFFICIENCY
- ☐ INSUBORDINATION
- ☐ DRUNKENNESS
- ☐ IMMORAL CONDUCT
- ☐ NEGLECT OF DUTY
- ☐ SUBSTANCE ABUSE
- ☐ DISCOURTEOUS TREATMENT OF THE PUBLIC
- ☐ CONDUCT UNBECOMING A DEPUTY SHERIFF
- ☒ DISHONESTY
- ☐ MISFEASANCE
- ☐ MALFEASANCE
- ☐ NONFEASANCE
- ☒ OTHER (SPECIFY): Rules & Regulations 12-4 Early Relief from Duty

### EXPLANATION FOR NOTICE OF DISCIPLINE

On October 17, 2013 Deputy Stacy Clark left her assigned post early, without permission and without submitting proper paperwork to document use of said leave. On October 17, 2013, Deputy Clark left her post to attend a meeting with Lt. Jennifer Limbert at approximately 0700. At 0720, the meeting concluded and Deputy Clark left the building without returning to her post or her shift, without permission and without completing leave paperwork to account for the 40 minutes.

Deputy Clark did not seek relief from duty to abandon her post at the Summit County Jail. She willingly left her assignment without permission which constitutes the following violation:

Deputy Clark violated the **Summit County Sheriff's Office Rules and Regulations 12-4 Early Relief from Duty:** Deputies/employees seeking early relief from duty because of personal reason shall contact their supervisor and request early relief. Deputies shall not leave their assignment until permission has been given to do except in case of emergency illness. **A violation of this section is a minor offense of the third degree.**

Deputy Clark's time slip reflected she worked her entire shift that date and no leave forms were completed to compensate for the 40 minutes she was gone. She had not received permission to leave the building following the meeting from any of the scheduled shift supervisors. **This is a violation of the Summit County Sheriff's Office Rules and Regulations Chapter 8 Sub section 8-2 D** which states, No Deputy/Employee of the Sheriff's Office shall make false official reports, or knowing enter or cause to be entered in any Sheriff's Office book, record or report any inaccurate, false or improper official information or material. **A violation of this sub-section is a Major Offense of the third degree.**

**Deputy Clark violated the Summit County Sheriff's Office Policy and Procedures 2.2.0. 1-J Personnel- Attendance-Reporting for Duty:** which states, the employee shall complete a Sheriffs Office Application for Leave Form and submit all necessary documentation prior to the completion of his/her shift on the first day returning to work.

CF-003-97   1 of 2   EXHIBIT K   Revised: 08/15/2011

001494

SUMMIT COUNTY SHERIFF'S OFFICE
NOTICE OF DISCIPLINARY ACTION

Subsequently by violating the sheriff's office Personnel- Attendance policy it was determined that:

**Deputy Clark violated the Summit County Sheriff's office Rules and Regulations Chapter 8 Sub section 8-4 a Competency in Performance of Duty:** which state, Deputies/employees shall maintain sufficient competency to properly perform their duties and assume the responsibilities of their positions. Deputies/employees shall perform their duties in a manner which will maintain the highest standards of efficiency in carrying out the functions and objectives of the Summit County Sheriff's Office. Unsatisfactory performance shall include, but not be limited to the following:

**a. Violation of Policy & Procedures of the Sheriff's Office.**

**A violation of this Sub-Section is a minor offense of the first degree.**

In May of 2013 Deputy Clark was issued a notice of discipline which was an Administrative Referral. In June 2013 Deputy Clark entered into a settlement agreement in lieu of being terminated. Deputy Clark is also in violation of this settlement agreement.

---

**RECOMMENDED ACTION**

☐ WRITTEN WARNING  ☐ WRITTEN REPRIMAND  ☒ ADMINISTRATIVE REFERRAL

**CORRECTIVE ACTION PLAN:** (Proposed solution(s)/Actions to be taken. Include time frames)
This action has been forwarded for administrative referral pending review.

_____     _____
INITIATING SUPERVISOR                 DATE

---

**ACTION TAKEN**

☐ WRITTEN WARNING  ☐ WRITTEN REPRIMAND  ☐ ADMINISTRATIVE REFERRAL

☐ CORRECTIVE ACTION PLAN APPROVED

_____     _____
APPROVING SUPERVISOR                  DATE

---

EMPLOYEE COMMENTS (ATTACH ADDITIONAL SHEETS IF NECESSARY): _____

_____
_____
_____

I acknowledge that this action has been discussed with me
(acknowledgment does not indicate guilt or innocence)

_____     _____
EMPLOYEE SIGNATURE                    DATE

_____     _____
SUPERVISOR SIGNATURE                  DATE

CF-003-97                           2 of 2                        Revised: 08/15/2011

001495

# SUMMIT COUNTY SHERIFF'S OFFICE
# SHERIFF STEVE BARRY
## CONFIDENTIAL INVESTIGATION

INCIDENT REPORT NO. _____

| | |
|---|---|
| **FROM:** Lieutenant John Grogan | **DATE OF INCIDENT:** |
| **TO:** Chief Macko, Major Soltis and Personnel | **DATE INVESTIGATED:** 10/28/2013 |
| **SUBJECT:** Deputy Stacy Clark | **ARRESTS:** |
| **PLACE OF OCCURRENCE:** Summit County Jail | |
| 205 East Crosier Street | |
| Akron, Ohio 44305 | |

**SYNOPSIS:** On October 28, 2013 at approximately 1250 hours Major Soltis and I spoke regarding a disciplinary action report filed by Sergeant Karla Bloomingdale of the Summit County Sheriff Office. In summation; the report outlined an incident when Deputy Clark left work forty minutes early without permission of an attending supervisor or a signed leave request. Major Soltis believed that Deputy Clark may have had other instances when she may have left work early or arrived late with no documentation and requested that I review these allegations to determine if any further infractions occurred. The following is my complete review of facts that determined that; NO such instances occurred that can be supported by either video evidence, eyewitness or other existing documentation. **With the issuance of this report, the investigation is closed. If additional reliable information, related to the existence of any information pertaining to this matter comes to the attention of this investigator, it is subject to being reopened.**

**ACTION TAKEN:** On October 28, 2013 at approximately 1250 hours Major Soltis and I spoke regarding a disciplinary action report filed by Sergeant Karla Bloomingdale of the Summit County Sheriff Office. In summation; the report outlined a situation involving Summit County Sheriff's Deputy Stacy Clark (here further referred to as Dep. Clark). According to the report, on October 17, 2013 at approximately 0700 hours Dep. Clark was called to meet with Lt. Limbert, in the administrative offices on the second floor of the Summit County Jail. Further the report states that the meeting lasted approximately twenty (20) minutes and Dep. Clark was allowed to return to her duty assignment, however the report also shows that Dep. Clark failed to report back for duty but instead, left the building forty minutes earlier to return home.

The above matter was investigated by Sergeant Karla Bloomingdale of the Summit County Sheriff's Office and a three page report was submitted on 10/23/2013 to Chief Macko and Personnel. Dep. Clark also received a notice of disciplinary action by Sgt. Bloomingdale with the type of misconduct listed as Other: Rules & Regulations 12-4 Early relief of duty.

On October 28, 2013 I began my review of the allegations listed above citing that Dep. Clark may have in the past few months committed the same offense as outlined in rules and regulation 12-4. The investigation began with obtaining the tracking reports of Dep. Clarks Simplex system card from the arrival date of 7/1/2013 (the time when Dep. Clark was returned to the Corrections Division from Court Services) to 11/03/2013, the day this Investigator asked Deputy Toth for simplex records of Dep. Clark. Upon review of the documents it was shown that the dates of 07/01/2013 to 07/10/2013 were missing from the tracking logs as if the card was never used or Dep. Clark never reported for duty. I called Deputy Toth to inquire when Dep. Clarks Simplex card was activated and his logs indicated on 03/16/2013 and he further stated that her card was functional. I then pulled

Page 1 of 3                                    BY: _____                DATE: _____

001496

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT : Deputy Stacy Clark

commanders logs, shift roosters and pod logs, all records showed that she was present for duty and accounted for during the ten (10) missing days. At this point I attempted to review the vicon net video system to observe whether and what times Deputy Clark reported for duty between 7/1/2013 and 7/10/2013, only to discover thru Deputies Toth and Battles (the Jail's computer and technology administrators) that the system can only record for thirty (30) days and then the system its self, erases any dates beyond that and that no video files exist or are backed up beyond the thirty day point, whether manually or automatically. So relying only on those records generated by commanders and shift supervisors, the ten days not listed on the tracking report appear to be accounted for and uncontested.

I then reviewed the remaining tracking document and found twenty five (25) incidents were Dep. Clark neither recorded in or out of the facility even though all Commanders logs, Sergeants reports, simplex movement within the facility and pod logs showed her presence. In an effort to understand these missing times I reported to the Deputies parking area Tuesday evening which is the beginning of her work week that starts Wednesday at midnight and awaited Dep. Clark's arrival. On November 5, 2013 at approximately 2330 hours I sat in an unmarked unit in the Deputies parking area and observed Dep. Clark pull into the lot and park. She appeared to wait until another Deputy entered the lot and then she exited her vehicle along with the unknown Deputy at around the same time. As they approached the rear entrance used by Deputies, the unknown Deputy activated the opening of the door with there simplex card and both walked into the building. This is a common activity when multiple Deputies approach a door to access entry or exit; the Simplex system will only register one card, all though more often then not, several Deputies will pass thru. Again, no video was obtainable due to the time frame outlined above and as instructed by Deputies Toth and Battles stated, not all of the cameras in or out of the facility are recordable, and it turned out that the camera in the rear of the facility is not recordable. This left me with only the shift supervisors, their records and the pod logs that all indicated her presence as accounted for.

I then reviewed the date of 10/13/2013 that was outlined in Sgt. Bloomingdale's report. Sgt. Bloomingdale stated that Dep. Clark "left at 0734 hours". The simplex tracking report did show that Dep. Clark's card activated the 2nd floor exit door #82-A at that time. However further reports such as the Deputies pod log, showed Dep. Clark as logging into the Matrix system at 0027 hours on 10/13/2013 and making continual entries thru out the night shift. Her final entry was at 0723 hours to log that Sgt. Bloomingdale was on a supervisory round. Further simplex reports were reviewed that showed that Deputy Angela Dent entered the facility at 0719 hours and then passed thru the 82-a door to gain access to the secure area. Deputy Dents Matrix entry indicates that she relieved Dep. Clark early and this explains the 0734 time that Sgt. Bloomingdale had found. Again common practice exist were one Deputy may occasionally relieve another early of all duties.

**In conclusion;** after a full and extensive review of all materials available, this Investigator was unable to substantiate any abuses of time or tampering with records. Therefore, NO such instances occurred that can be supported by either, video evidence, eyewitness or other existing documentation.

**With the issuance of this report, the investigation is closed. If additional reliable information, related to the existence of any information pertaining to this matter comes to the attention of this investigator, it is subject to being reopened.**

**INTERVIEWED: N/A**

**EVIDENCE:**

Page 2 of 3      BY _____      DATE : 10/28/2013

## CONFIDENTIAL INVESTIGATION - CONTINUED

INCIDENT REPORT NO. :
SUBJECT : Deputy Stacy Clark

**Exhibit-A:** Three copies, one day shift staffing log, one Matrix report for Dep. Clark and one Simplex report for Deputy Dent.

**Exhibit-B:** Eleven copies of Dep. Clark's Simplex report from 07/11/2013 thru 10/17/2013.

**Exhibit-C:** Copies of Dep. Clark's time slips from 07/01/2013 thru 10/20/2013.

**Exhibit-D:** One copy of each pod log for 10/17/2013 for Unit five.

**Exhibit-E:** One copy of Dep. Clark's Attendance records.

**Exhibit-F:** Copies of Dep. Clark's Simplex report from 10/07/2013 thru 11/03/2013.

### PHYSICAL DESCRIPTIONS:

| | |
|---|---|
| Name: Deputy Stacy Clark | SSN: |
| Address: 205 E. Crosier | Control : |
| Akron, Ohio 44305 | FBI #: |
| Phone: 330-643-2293 | BCI #: |
| Currently an Inmate At Summit County Jail | Height:        Weight: |
| White / Male        Years of age | Hair:         Eyes: |
| Date of Birth | Glass:        Facial Hair: |

### VEHICLE DESCRIPTIONS:

**ATTACHMENTS\FOLLOW-UP REQUIRED:** The above listed Exhibits A thru F are attached and labled.

Page 3 of 3        BY _____ DATE : 10/28/2013

001498