IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STACY CLARK<br><br>Plaintiff,<br><br><br><br>KANDY FATHEREE, et al.,<br><br>Defendants. | CASE NO.: 5:25-cv-00106<br><br>JUDGE PATRICIA GAUGHAN<br><br>*Plaintiff's answers and objections to:*<br>**DEFENDANT, KANDY FATHEREE'S (OFFICIAL AND INDIVIDUAL CAPACITY) FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Stacy Clark ("Plaintiff" or "Clark") hereby responds to the First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests") propounded upon her by Defendant, Kandy Fatheree, in her official and individual capacity.

### GENERAL OBJECTIONS:

The following general objections apply to all of Defendant's discovery requests:

1. Plaintiff reserves all proper objections to the materiality, relevance, and/or admissibility of the subject matter of the responses provided to these discovery requests. All responses are provided subject to and without waiving the General Objections as well as the objections listed in the individual responses.

2. Plaintiff objects to the definitions and instructions submitted with Defendant's discovery requests to the extent that they attempt to impose obligations that exceed the requirements set forth in the Federal Rules of Civil Procedure.



3. Plaintiff objects to these discovery requests to the extent that the requests seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege available by statute, rule, or common law. No such privileged information will be disclosed. None of Plaintiff's specific responses shall be construed to mean that Plaintiff intends to provide privileged or work product information in the absence of an intentional waiver. Any inadvertent disclosure of privileged information or work product shall not constitute a waiver of an otherwise valid claim of privilege, and any failure to assert a privilege or other protection as to certain information shall not be deemed to constitute a waiver of the privilege or other protection as to any information so protected.

4. Plaintiff objects to Defendant's discovery requests to the extent that they are vague, overbroad, unduly burdensome, oppressive, fail to specify a relevant time period, or seek information that is neither admissible at trial nor is reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff states that her responses to these discovery requests are based upon information known or believed to be true at the time of this response. Plaintiff expressly reserves the right to amend or supplement her responses if she learns of new information through discovery.

6. Plaintiff objects to Defendant's discovery requests to the extent that they are argumentative and seek to characterize or mischaracterize the contents of written documents or the facts in this case. Any response that non-privileged, non-objectionable documents in Plaintiff's possession, custody, or control have been or will be produced, to the extent such documents exist, is not and shall not be construed to be an admission regarding the truthfulness or accuracy of any express or implied statements contained in Defendant's requests.

7. Plaintiff reserves all proper objections to the materiality, relevance, and/or admissibility of the subject matter of the responses provided to these discovery requests. All responses are provided subject to and without waiving the General Objections as well as the objections listed in the individual responses.

## INTERROGATORIES

1. Identify the name and contact information, including the relationship to you for each person who prepared or assisted in the preparation of the responses to these interrogatories.

   **ANSWER**: **Myself (Stacy Clark), with the assistance of my undersigned legal counsel.**

2. Describe all efforts you made to find employment since your Summit County Special Deputy commission was revoked, including jobs applied for, interviews, job offers and rejections, identifying all relevant dates.

   **ANSWER**: **After Defendant revoked my Summit County Special Deputy commission, I recall searching for the following potential job opportunities:**

   1. **Wayne County Sheriff's Office: In or about January of 2025, I inquired about potential school resource officer jobs, but was informed that those were only available to full-time deputies – not special deputies.**

   2. **Portage County Sheriff's Office: I met with Sheriff Bruce Zuchowski in or about February of 2025 to discuss potential employment opportunities. He informed me that due to the OPOTA documentation of "termination," his office would not consider me for employment unless and until that designation was removed.**

   3. **City of Tallmadge Police Department: In or about April of 2025, I have applied for auxiliary police officer positions.**

   4. **Heartland Behavioral Health: In or about April of 2025, I applied for a correctional officer position.**

5. I have otherwise generally networked with other law enforcement acquaintances to let the community know that I am seeking new employment and to let me know if they hear of opportunities that I would be suited for at this stage of my career.

3. If you are employed, identify the name of your current employer, work address, the start date and rate of pay.

   **ANSWER: N/A at this time.**

4. With respect to Paragraph 43 of the Complaint, state or describe the financial harm alleged.

   **ANSWER: As a Summit County Special Deputy, I earned approximately $70,000 per year. Since my termination, I have lost this income.**

5. With respect to Paragraphs 43, 49 and 56 of the Complaint, state or describe the reputational harm alleged.

   **ANSWER: Having my commission revoked and a designation of "termination" submitted to OPOTA has caused me to suffer harm to my reputation, as many in the law enforcement community have assumed that I engaged in some kind of misconduct, potentially including policy violations and/or criminal conduct – none of which occurred.**

6. Identify each witness who can substantiate or support the allegation that you suffered harm to your reputation.

   **ANSWER: Portage County Sheriff Bruce Zuchowski and any other prospective employers who have reviewed my information on the OPOTA website.**

7. With respect to Paragraphs 43, 49 and 56 of the Complaint, state or describe the mental and/or emotional harm alleged.

   **ANSWER: Defendants' conduct, as alleged in my Complaint, has caused me to enter into mental health counseling. I have since been placed on medication to treat me for depression, anxiety, and sleep deprivation.**

8. Identify any before-and after witnesses who can substantiate or support the allegation that you sustained mental and/or emotional harm.

   **ANSWER: Objection, to the extent the term "before-and after witnesses" is vague and undefined. To the extent Plaintiff understands this question, she answers as follows:**

   **The following individuals can testify about the drastic changes in my mental health from before Defendants terminated my employment:**

   - **Theresa Muncy (330-620-4418), a registered nurse and friend of mine.**

   - **Joel Christian (330-958-0979), a friend of mine.**

9. State the name and address of each medical practitioner, doctor, psychologist, psychiatrist or counselor who examined or treated you for any emotional, mental or physical condition or ailment during the five year period preceding November 2024, including the condition or ailment and the date(s).

   **ANSWER: Objection, to the extent this interrogatory seeks irrelevant information not related to any claims or defenses in this case. Subject to this objection, Plaintiff answers as follows:**

   **Prior to November 2024, I recall meeting with the following therapist regarding issues pertaining to my son's health conditions:**

   **Matthew Ragon, LPCC, LICDC**
   **Outpatient Therapist**
   **PortagePath Behavioral Health**
   **Akron Outpatient Clinic**
   **340 S. Broadway Street**
   **Akron, Ohio 44308**
   **(330) 253-3100**
   **mragon@portagepath.org**

10. If you were examined or treated by any medical practitioner, doctor, psychologist, psychiatrist or counselor, or at any medical facility or clinic as a result of the incidents and/or events pled in the Complaint, identify the name and address of each provider, the date(s) of examination or treatment, the condition for which you were examined or treated, and the nature of the examination or treatment.

    **ANSWER: Following the events alleged in my Complaint, I have met with the following for treatment related to the emotional injuries alleged in my Complaint:**

5

**Melissa Marshall Allen, LiSW-S**
**Director of Behavioral Health Services**
**The Bob Denton Safety Forces Support Center**
**501 West Market Street, Suite 313**
**Akron, Ohio 44303**
**(330) 376-0091, Ext. 101**
**Melissa.MarshallAllen@safetyforcescenter.org**

**and**

**Dr. Amy White PsyD and Lindsay Syx, PMHNP-BC**
**VA Medical Center**
**55 W. Waterloo Rd.**
**Akron, Ohio 44319**
**(330) 724-7715**

11. Describe the political contours of your relationship with Shane Barker in the 2024 election, i.e., support, activities and associations, as alleged in Paragraphs 36 and 37 of your Complaint.

    **ANSWER: Objection, to the extent the term "political contours of your relationship" is vague and undefined. To the extent Plaintiff understands this interrogatory, she answers as follows:**

    **I recall supporting Shane Barker's 2024 political campaign in the following ways: a) requested and displayed yard signs for myself and other supporters; b) voted for him in the general election; and c) attended an election-night watch party at Wing Warehouse in Cuyahoga Falls, which was sponsored by the Barker campaign.**

12. State all facts and evidence to support your allegation in Paragraph 37 of the Complaint that Defendants were aware of your support, activities and associations with Shane Barker in the 2024 election.

    **ANSWER: Scott Cottle told me on multiple occasions that Defendants had revoked my commission because I supported Barker during the election. He first told me this on November 18, 2024, in a phone call. He told me again during a phone call on January 5, 2025.**

13. If you believe or contend that Defendant Fatheree's basis or reasons, i.e., performance deficiencies, for revoking your Special Deputy commission was pretextual, state the basis or support for that belief.

6

**ANSWER**: Objection, to the extent this interrogatory calls for Plaintiff to provide a legal conclusion. Subject to this objection, Plaintiff answers as follows:

During my tenure as a Special Deputy, I never received any discipline, negative performance appraisals, or any other indication that my performance was deficient. To the contrary, I regularly received praise of my performance, including from the Superintendent of Twinsburg Schools (Kathi Powers), Larry Brown (current Chief Deputy), and Scott Cottle (former Chief Deputy). I also received praise from Debra Decker (Blossom Music Center – Security Office) (330-603-7699).

14. Identify all information that you have that that proves or substantiates your allegation that Defendant Fatheree retaliated against you for your political association or support of her campaign opponent Shane Barker in the 2024 election when Fatheree revoked your commission as a Special Deputy.

    **ANSWER**: Scott Cottle told me on multiple occasion that Defendant Fatheree revoked my commission and terminated my employment because of my support for Barker. I recorded one of these conversations with Cottle and this recording is produced herewith. Also see my Answer to Interrogatory Nos. 16-17, below.

15. Identify all witnesses, including addresses, that you intend to rely upon in motion practice or at trial to prove your allegation that Defendant Sheriff Fatheree retaliated against you for your political association or support of Sheriff Fatheree's campaign opponent Shane Barker in the 2024 election when Fatheree revoked your commission as a Special Deputy, including the anticipated testimony of each witness.

    **ANSWER**: I have not yet determined which witnesses I will rely upon in motion practice or at trial, but will supplement this answer once I make such a determination. Likely witnesses will be those listed in the initial disclosures for both sides and in the written discovery responses for both sides.

16. Do you have knowledge of any other Summit County Special Deputies who allegedly campaigned for, attended events for or associated with campaign opponent Shane Barker in the 2024 election? If so, identify the Special Deputies.

    **ANSWER**: I am aware that Greg Taylor supported Barker's campaign by attending the same election-night watch party as me.

7

17. Do you have knowledge of any other Sumit County Special Deputies who allegedly had his or her Special Deputy commission revoked due to political activity or support of Sheriff Fatheree's campaign opponent Shane Barker in the 2024 election? If so, identify the Special Deputies.

    **ANSWER: Greg Taylor.**

18. Identify all of your internet-based social networking sites that you have used or maintained in the past five (5) years (e.g., Facebook, LinkedIn, Twitter (X), Instagram, Snapchat, etc.). For each such site, provide the name and address of the service provider, the name and address of the account holder, your username or avatar, the URL where the account was/is available and the dates during which you used the account.

    **ANSWER: Objection, to the extent this interrogatory is overly broad and seeks information not relevant to any claims or defenses in this case. Subject to this objection, Plaintiff responds as follows:**

    **I have a Facebook account that can be found here:**

    **https://www.facebook.com/stacy.clark.7921**

    **I also have a TikTok account that can be found here:**

    **https://www.tiktok.com/@stacyclark0278**

19. Identify all individuals, including attorneys, paralegals or lay persons, who you have consulted with or spoke to regarding the legal issues alleged in your Complaint.

    **ANSWER: Objection, to the extent this interrogatory seeks information protected by the attorney-client privilege. Subject to this objection and without waiving any attorney-client privilege, Plaintiff responds as follows:**

    **Attorneys Stuart G. Torch and Christina M. Royer from Employment Law Partners, LLC. Before retaining Employment Law Partners, I had previously spoken with attorney John F. Myers on one occasion.**

20. Identify any plan of health or medical insurance in effect at the time of the incident, and the period following the incident to date.

    **ANSWER: My health insurance since November of 2024 has been through the Department of Veterans Affairs.**

8

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce photographs, audio recordings or video recordings that depict anything related to, or that you intend to rely upon to prove the incident(s) of alleged unlawful retaliation.

   **RESPONSE**: **Information responsive to this request can be found in documents produced herewith, including the January 5, 2025, audio recording of Plaintiff's phone call with Scott Cottle.**

2. Produce documents that relate to your efforts to find employment since your Summit County Special Deputy commission was revoked, including but not limited to job postings, job applications, job offers, and rejections.

   **RESPONSE**: **Because Plaintiff's job-search efforts have largely consisted of in-person networking conversations, she is searching for whether any relevant documents exist. Should she locate any, she will supplement this response.**

3. Produce documents that prove or support your allegation of financial harm.

   **RESPONSE**: **Information responsive to this request can be found in documents produced herewith, including Plaintiff's 1099 earnings statements from 2023 and 2024 related to her Special Deputy work for Defendants.**

4. Produce your federal tax returns filed for the years 2020-2024.

   **RESPONSE**: **Objection. This request seeks information that is not relevant to any claims or defenses in this case and seeks to invade the confidentiality of Plaintiff's tax return information. All of Plaintiff's employment-related income for 2020-2024 was from working for Defendants who have records of the same.**

5. Produce documents that prove, support or substantiate your allegation of reputational harm.

   **RESPONSE**: **Information responsive to this request can be found in documents produced herewith.**

9

6. Produce medical records for each medical practitioner, doctor, psychologist, psychiatrist, counselor or medical facility who examined or treated you for any emotional, mental or physical condition or ailment related to the incident or events pled in the Complaint.

   **RESPONSE: Plaintiff is in the process of requesting records from her healthcare providers and will produce them once they are obtained and following the entry of an appropriate protective order that allows for treating such documents as confidential.**

7. Produce bills and/or statements of charges for each medical practitioner, doctor, psychologist, psychiatrist, counselor or medical facility who examined or treated you for any emotional, mental or physical condition or ailment related to the incident or events pled in the Complaint.

   **RESPONSE: None. Plaintiff believes that all medical-related costs has been 100% covered by her insurance.**

8. Produce all bills or charges for any prescription drugs or medications prescribed or taken in connection with injuries or conditions allegedly caused by this incident.

   **RESPONSE: None. Plaintiff believes that all medical-related costs have been 100% covered by her insurance.**

9. If you expect or anticipate any future medical or emotional treatment or counseling as a result of this incident, produce documents supporting the need for such treatment or counseling.

   **RESPONSE: See response to Document Request No. 6, above.**

10. Produce documents that support or substantiate your allegation in the Complaint that Defendants unlawfully retaliated against you for your support and/or association with Shane Barker's 2024 campaign, as alleged in Paragraph 39 of your Complaint.

    **RESPONSE: Information responsive to this request can be found in documents produced herewith.**

10

11. Produce written communications (e-mails, letters, text messages, social media messages, etc.) between you and anyone else, or any other written documents (personal notes, diaries, blogs, etc.) that you prepared that pertain to or discuss your allegations in Paragraphs 37-39 of your Complaint.

    **RESPONSE: Information responsive to this request can be found in documents produced herewith.**

12. Produce documents upon which you rely or intend to rely upon in order to calculate the total amount of money you believe would provide reasonable compensation for the noneconomic losses you allegedly suffered or are likely to suffer as a result of the incident.

    **RESPONSE: Information responsive to this request can be found in documents produced herewith. Plaintiff may also rely on documents produced by Defendants.**

13. Produce documents upon which you rely or intend to rely upon to calculate the total amount of money you believe would provide reasonable compensation for the economic losses you suffered or are likely to suffer as a result of this incident.

    **RESPONSE: Information responsive to this request can be found in documents produced herewith. Plaintiff may also rely on documents produced by Defendants.**

Respectfully submitted, including as to objections:

*/s/ Stuart G. Torch*
STUART G. TORCH (0079667)
CHRISTINA M. ROYER (0073695)
**EMPLOYMENT LAW PARTNERS, LLC**
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Telephone)
(216) 381-0250 (Facsimile)
stuart@employmentlawpartners.com
chris@employmentlawpartners.com

*Attorneys for Plaintiff Stacy Clark*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via electronic mail only, on May 16, 2025, upon the following:

    Marrett W. Hanna (mhanna@prosecutor.summitoh.net)
    John C. Reece (jreece@prosecutor.summitoh.net)
    Summit County Prosecutor's Office
    53 University Avenue
    Akron, Ohio 44308

    *Attorneys for Defendants*

                        */s/ Stuart G. Torch*
                        One of the Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| STACY CLARK, | ) Case No. 5:25-cv-00106 |
| Plaintiff, | ) |
| | ) The Honorable Patricia A. Gaughan |
| v. | ) |
| | ) |
| KANDY FATHEREE, et al., | ) **VERIFICATION OF** |
| | ) **INTERROGATORY ANSWERS** |
| Defendants. | ) |

    I, Stacy Clark, make the following unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I have reviewed my answers to Interrogatories served on   May 16, 2025  .

2. These answers are true and accurate to the best of my knowledge as of the date on which this verification is given.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Stacy Clark

Executed on:   May 16, 2025  
                Date