**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STACY CLARK** | ) | CASE NO. 5:25-cv-00106 |
| *Plaintiff*, | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| **KANDY FATHEREE, et al.,** | ) | **PLAINTIFF'S OBJECTIONS REGARDING EVIDENCE SUBMITTED WITH DEFENDANTS' SUMMARY JUDGMENT REPLY BRIEF** |
| *Defendants*. | ) | |

Plaintiff Stacy Clark, through her undersigned counsel, hereby submits the following objections to the two declarations that Defendants submitted with their Reply to Plaintiff's Opposition to Motion for Summary Judgment ("Reply Brief") (Doc. 24).

## OBJECTIONS

On March 9, 2026, when Defendants filed their Reply Brief, they submitted a Declaration of William Lee (Doc. 24-1) and a Declaration of Kandy Fatheree (Doc. 24-2) (the "Reply Declarations").

First, as a general matter, to the extent that the Court determines that the Reply Declarations offer new evidence, the Court should decline to consider them. *See, e.g., Mindale Farms Co. v. City of Tallmadge*, No. 5:23-CV-00424, 2024 WL 519853, at *3 (N.D. Ohio Feb. 8, 2024) (Brennan, J.) (courts normally do not consider affidavits on reply that offer "new evidence" – only affidavits that merely respond to the plaintiff's arguments presented in her response brief).

Second, the Declaration of William Lee contains inadmissible hearsay. In ¶6, Lee avers: "During one of my shifts as an SRO at Bissell Elementary School, Bissell School Principal Misty Johnson *informed me* that some staff teachers wrote letters to Superintendent Kathi Powers *stating*

*that they feel safer with me in the school*." (Doc. 24-1 at ¶6) (emphasis added). Defendants attempt to use this averment to counter Clark's argument that Defendants fabricated reasons for Fatheree's decision to terminate Clark's commission, including that no one – including Defendants and the Twinsburg City Schools – has produced letters that Twinsburg teachers supposedly wrote, to ask for Clark's dismissal. (Doc. 24, PageID #946-47).

Because the statements that Lee attributes to Johnson and to the teachers' letters are offered for the truth of the matters asserted, they constitute inadmissible hearsay within hearsay. *See* FED. R. EVID. 801(c)(1), (2), (5); *see also e.g., Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (stating that "hearsay evidence cannot be considered on a motion for summary judgment.").

In addition, to be admissible on summary judgment, an affidavit or declaration "must be made on personal knowledge [and] set out facts that would be admissible as evidence." *See* FED. R. CIV. P. 56(c)(4). Here, Lee does not have personal knowledge that the letters he describes in his Declaration exist or what they say. *See Village of Walton Hills v. Village of Walton Hills*, No. 1:20-CV-01772, 2023 WL 1443961, at *5 (N.D. Ohio Jan. 31, 2023) (Ruiz, J.) (citing *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (an affiant's statements "apparently based solely upon information that he received from elsewhere ... is ... inadmissible hearsay," as it does not demonstrate personal knowledge.)).

The witness to whom Lee attributes the statement – Misty Johnson – was deposed by both sides in this case and should be considered the primary source for knowledge about whether the teachers submitted letters and the content of any such letters. If Defendants wished to introduce admissible evidence on these subjects, they should have obtained testimony from Johnson when they deposed her on other issues.

The proper remedy is the for the Court to disregard hearsay testimony when ruling on

summary judgment. *See Brown v. Genworth Life & Annuity Ins. Co.*, No. 3:18-CV-506, 2020 WL 4340539, at *5 (E.D. Tenn. July 28, 2020) (citing *State Mut. Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979) (Generally, "[a]ffidavits composed of hearsay and opinion evidence do not satisfy [Rule 56(c)(4)] and must be disregarded.")).

Third, even if the Court does consider the Reply Declarations when ruling on summary judgment, they only further illustrate the existence of myriad disputed facts in this case, rendering summary judgment inappropriate.

Respectfully submitted,

*/s/ Christina M. Royer*

CHRISTINA M. ROYER (Ohio #0073695)
STUART G. TORCH (Ohio #0079667)
Employment Law Partners, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Telephone)
(216) 381-0250 (Facsimile)
Email: chris@employmentlawpartners.com
stuart@employmentlawpartners.com

*Attorneys for Plaintiff Stacy Clark*

**CERTIFICATE OF SERVICE**

A true copy of the foregoing **PLAINTIFF'S OBJECTIONS REGARDING EVIDENCE SUBMITTED WITH DEFENDANTS' SUMMARY JUDGMENT REPLY BRIEF** was served on this **13th** day of **March, 2026,** on counsel of record for all parties via the Court's electronic filing system.

*/s/ Christina M. Royer*
One of the attorneys for Plaintiff